## Reccius v. Weber, et al.

(Decided February 9, 1911.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

Alley-ways—Subdivision of Lots—Use of Alleys—Common Use of Adjacent Owners.—The owners of a lot fronting 150 feet on G. Avenue, by 200 feet on 28th street, caused it to be laid off into seven lots, each fronting on 28th street, five of them having a frontage of 30 feet each, and two of them 25 feet each. An alley or passway 10 feet wide was cut off the back end of these lots, leaving each lot 140 feet in depth. Appellant bought the two 25 feet lots and appellees the other five. Appellant built a stable on the alley in the rear of his lots and then closed it to the use of the other lotowners. All the owners, including appellant, bought with the understanding that the passway was retained for their common use. The deed to one of

the appellees made after appellant's deed refers to the alley as follows: "Then southwardly along said line of 28th street 30 feet and extending back westwardly of that width throughout, between lines parallel with Garland avenue 140 feet to a private alley 10 feet wide heretofore established by first party for the use and benefit of the property owners abutting thereon." Held, the language plainly shows a dedication of the alley for the use and benefit of the property owners.

B. F. GARDNER for appellant.

LEE HAMILTON for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

One Alexander Cassella was the owner of a lot or parcel of ground in Louisville, Kentucky, on the corner of Garland avenue and 28th street, fronting 150 feet on Garland avenue by 200 feet on 28th street. For the purpose of effecting a sale of it, he caused this parcel of ground to be cut up into seven lots, each fronting on 28th street, five on them having a frontage of 30 feet each, and two 25 feet each. An alley or passway, 10 feet in width, was cut off of the back end of these lots, so that each was 140 feet in depth. The appellant Reccius bought the two 25 foot lots, and the appellees the other lots. Reccius built, or caused to be built, a stable or shed on the passway or alley in the rear of his lots, and thus closed it to the use of the other owners. To compel him to remove the building and open the passway, this suit was brought.

His deeds call for a lot 50 feet on 28th street by 140 feet deep. It is not claimed for him that any part of this alley is covered by his deeds; but he seems to rest his right to hold and use it on the theory that it has not been dedicated to and accepted by the city, and that therefore no one but his vendor can maintain such a suit. When appellant bought his lots, he was advised of the existence of this passway. Cassella told him of it—his deed called for it. All the owners, including appellant, bought with the understanding that the alley or passway was retained for their common use. The deed to appellee Hofmeister, made some years after appellant's deed, in describing the property conveyed, refers to this alley in the following language: "Thence southwardly along said line of 28th street 30 feet, and extending back westwardly, of that width throughout between lines parallel with Garland avenue, 140 feet to a private alley 10 feet wide,

heretofore established by first party for the use and benefit of the property owners abutting thereon." This language so plainly shows a dedication of this alley for the use and benefit of the lot owners that further comment is deemed unnecessary. The grantee Cassella could not deny its dedication if he would.

A question similar to that here presented was before this court in the case of Alexander v. Tabeau, 116 S. W., 356, and the court held, on facts no stronger than those here presented, that they were sufficient to show a dedication of the alley to a public purpose.

The case of Brissalaro v. Senour, 82 Ky., 353, relied upon by appellant, is not in point. The facts are entirely dissimilar.

Viewed from any standpoint, the judgment of the lower court was right, and it is, therefore, affirmed.