## PHENIX INS. CO. OF BROOKLYN, N. Y. v. CEAPHUS.

No. 4531.   Opinion Filed August 3, 1915.

Rehearing Denied September 14, 1915.

(151 Pac. 568.)

1. **LIMITATION OF ACTIONS—Amendment—New Cause of Action.** An insurance agent, with power to countersign and issue policies of insurance, negotiated with C. to insure his property. C. informed him that he owned a house, situated, with his wife's consent, on her land; got her patent, and showed it to the agent to give him the location of the house, and paid the agent a premium for $750 insurance on the house. The agent issued a policy and retained possession thereof until after a fire destroyed the house. In writing the policy, the agent misdescribed the land and the interest of C. therein. A judgment recovered at law on the policy was reversed, and the cause remanded, and C. was permitted to amend his petition, by an elaboration only of the essential facts of the agent's mistake or fraud, and prayed for a reformation of the contract of insurance to conform to the real agreement of the parties. **Held,** that the amendment did not substantially change the cause of action disclosed in the first petition, and was properly allowed, and therefore related back to the commencement of the action, and the suit, as made by the amendment, was not barred by the statute of limitations.

2. **INSURANCE—Fire Policies—Reformation.** Where a policy of insurance does not represent the intention of the parties thereto, because of the fault or negligence of the agent writing the policy, such policy may be reformed, so as to express the contract as it was intended to be made.

(Syllabus by Collier, C.)

*Error from District Court, Bryan County;*
*Summers Hardy, Judge.*

Action by Ben Ceaphus against the Phenix Insurance Company, of Brooklyn, N. Y.  Judgment for plaintiff, and defendant brings error.  Affirmed.

This action was instituted to recover on a policy of insurance, written and issued by plaintiff in error, herein-

after called the company, to defendant in error, hereinafter named the insured,. upon a petition; omitting the formal parts, which reads:

"That on January 2, 1907, for and in consideration of a premium paid to said defendant by plaintiff in the sum of $30, defendant company insured the one-story frame building, with shingle roof, owned by plaintiff, described in said policy as situated on the southeast quarter of section eight (8), township six (6) south, range eleven (11) east, Blue county, Indian Territory, for a term of three years from said date against loss by fire, under policy number 1036, the same being hereto attached, marked 'Exhibit A,' and made a part hereof; that said house was in fact situated on the east half of southeast quarter of southwest quarter of said section; that the agent who issued said policy was informed by plaintiff of the correct location of said house, and issued said policy and held the same in his possession until after the fire, and plaintiff never saw same; that the description in the policy was an error of said agent, same being insured in the sum of $750; that on or about the 14th day of December, 1908, and while said policy of insurance was in full force and effect, the said one-story frame shingle-roof building was totally destroyed by fire; that thereafter, and within the time provided in said policy, to wit, a few days thereafter, this plaintiff furnished defendant due and legal proof of said fire and of plaintiff's loss.

"Plaintiff further states that he has duly kept, observed, and performed all the requirements and conditions of his said contract of insurance with defendant; that said house or building was of the value of $1,500; that plaintiff has been damaged by reason of the burning of said house greatly in excess of the said sum of $750, the amount for which same was insured as aforesaid; that more than sixty days have elapsed since plaintiff furnished defendant notice of said fire and estimate and proof of loss, and defendant has failed and refused to pay said loss, for which it is justly liable, and has wholly disregarded its contract with

plaintiff and now refuses to pay plaintiff the said sum of $750, which amount is justly due plaintiff under the terms of said contract of insurance.

"Wherefore, plaintiff prays judgment against defendant for the said sum of $750 and interest from February 14, 1908, at six per cent., and for all his costs herein laid out and expended."

Said cause proceded to trial, and a judgment was rendered in favor of insured, from which an appeal was taken to this court, and the judgment of the trial court reversed and remanded. *Phenix Ins. Co. v. Ceaphus,* 29 Okla. 608, 119 Pac. 583.

On the second trial of said cause, against the objection and exception of the company, the insured was permitted to file an amended petition, in which it was averred, in addition to the averments of the original petition, that by fraud or mistake the agent of the company had wrongfully stated in said policy that the insured owned in fee the land upon which the building insured was situated, and had erroneously described the land upon which the building was located, and prayed, in addition to other relief sought, that said policy of insurance be reformed, so as to conform to the contract of insurance entered into by the company and the insured, which said contract was that the insured owned the building and did not own in fee simple the land upon which it was located. The company demurred to said amended petition, which was overruled by the court, to which action the company duly excepted.

Thereupon it was agreed by the parties that said cause be tried to the court upon the evidence heard in the former trial of this case, which evidence, so far as necessary for a proper review of this case, is substantially as follows: That the policy in question was issued by plain-

tiff in error to defendant in error on or about the 21st day of January, 1907, and covered a one-story frame building; that the building was destroyed by fire on the 14th day of December, 1907; that the policy was countersigned by one T. H. Davis, who went to the residence of the insured and solicited said insurance; that insured informed said Davis that the land upon which the building was situated belonged to his wife, and at the same time informed said Davis that he (plaintiff) had built the house and paid for the same, expending therefor the sum of $1,400 of his own money; that he built the house upon his wife's land with her consent, and he showed the agent the patent to his wife for the land upon which said building stood; that said Davis took said patent, and from it pretended to copy the description, situation, and location of the house; that, when defendant in error had told said Davis that his wife owned the land, "Davis said it made no difference; that at 12 o'clock the next day the house would be insured"; that the premium for said insurance was at that time paid to said Davis; that said Davis had authority to countersign and issue said policy of insurance, which he did; that said agent, who wrote and countersigned said policy, was in the banking business, and the policy was retained by him for the insured, and insured never called for it before the house was burned; that the building was totally destroyed by fire, and thereby insured had suffered loss in the sum of $750, the amount of said policy. Insured was the husband of a Choctaw freedwoman, and unable to write.

The court decreed a reformation of said policy of insurance and rendered judgment against the company in the sum of $750 and interest thereon. Motion for new trial was filed and overruled, to which action the company duly

excepted. From said judgment this appeal is prosecuted upon the following specifications of error:

"(1) The court erred in overruling the demurrer of plaintiff in error to the evidence introduced on behalf of defendant in error. (2) The court erred in overruling the motion of plaintiff in error for a new trial."

*Burwell, Crockett & Johnson,* for plaintiff in error.

*Hatchett & Ferguson,* for defendant in error.

Opinion by COLLIER, C. (after stating the facts as above). There are two controlling questions in this case: (1) Did the court err in permitting the amendment to the petition, allowed after remand of this case by this court? (2) Did the court err in decreeing a reformation of the policy of insurance? These questions will be considered in their order.

In *Wynnewood Cotton Oil Co. v. Moore, post,* p. ......, 153 Pac. 633, it is held:

"The statutes and also the decisions of the courts of this state are extremely liberal in permitting amendments to pleadings, so long as such amendments are in further-ance of justice; and amendments which even change the cause of action may be permitted, provided they do not substantially change the plaintiff's claim."

Section 4790, Rev. Laws 1910, reads:

"The court may, before or after judgment, in further-ance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or con-form the pleading or proceedings to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this Code, the court may per-

mit the same to be made conformable thereto by amendment."

"It has been declared to be a fair test, in determining whether a new cause of action is alleged in an amendment, to inquire if a recovery had upon the original complaint would be a bar to any recovery under the amended complaint, or if the same evidence would support both, or if the same measure of damages is applicable. * * * (1 Encyc. of Pl. & Pr. 556, and authorities cited.)

Had the case not been appealed, and another suit brought under the petition as amended in this case, there can be no question that the recovery had under the original petition could be successfully pleaded in bar against a suit under the amended petition.

By agreement, the identical evidence given under the original petition was admitted in the trial of this case upon the petition as amended. Consequently there can be no question that the same evidence would support both the action under the original petition and under the petition as amended. The measure of damages was the same in the original petition as in the amended petition. Tested by the above-stated rule (1 Encyc. Pl. & Pr. 556), it must be concluded that the amendment allowed "did not change substantially the claim or defense." The changes made by the amendment to the petition clearly were not of the essence of the cause of action, and in no wise could have prejudiced the plaintiff in error. Section 4790, Rev. Laws 1910, *supra*, virtually forbids "amendments only where the allegations of the claim or defense would be changed in its general scope and meaning." *Atlantic & Pac. Ry. Co. v. Laird*, 164 U. S. 393, 17 Sup. Ct. 120, 41 L. Ed. 485.

In *Whalen v. Gordon et al.*, 95 Fed. 305, 37 C. C. A. 70, it is held:

"An amendment to a petition, which sets up no new cause of action or claim, and makes no new demand, but simply varies or expands the allegations in support of the cause of action already propounded, relates back to the commencement of the action, and the running of the statute against the claim so pleaded is arrested at that point."

In *Motsenbocker et al. v. Shawnee Gas & Electric Co. et al.*, 49 Okla. 304, 152 Pac. 82, Justice Hardy, speaking for the court, says:

"It appears to us that the Legislature has enjoined upon the courts of this state by positive enactment a liberal rule of procedure authorizing amendments in further-ance of justice, when same do not substantially change the claim or defense; and we do not think we ought to adopt a policy that would defeat substantial justice by indulging in fine-spun theories, woven around technical rules of pro-cedure.   *   *   *"

The amendment to the original petition simply ampli-fies the same and relates back to the commencement of the suit, against which the statute of limitations will not lie. As earnestly insisted upon by the learned counsel for plaintiff in error, we have carefully examined the opinion of Justice Sanborn in *Whalen v. Gordon, supra,* and are unable to agree with them "that the principle announced in that case is conclusive and directly applicable to the facts in the case at bar."   On the contrary, we think that the quotations from the now Chief Justice White support the conclusion, reached by us, that the amendment did not state a new cause of action, and that the demurrer to said amended petition, on the ground that the action was barred by the statute of limitations, was properly overruled by the court.

The court decreed a reformation of the policy of in-surance, and this was done in accordance with undenied agreed evidence; hence, did the court err in so decreeing?

In the case of *Williams v. North German Ins. Co.* (C. C.) 24 Fed. 625, Justice Miller announces the rule to be:

"Where a policy of insurance, which has been drawn up by the agent of the insurer and merely accepted by the insured, does not represent the intention of both parties because of the fault or negligence of the agent, it may be reformed, so as to express the contract as it was intended to be made."

There is no question that the agreed evidence in this case shows that insured contracted for insurance upon the house, stating at the time to the agent that he did not own, but his wife did own, the land upon which the building was situated; that he had erected the building with the consent of his wife, and he showed the soliciting agent the patent to his wife for the land, and thereupon the said agent said:

"That did not make any difference; it will be insured after 12 o'clock tomorrow."

If the agent fails to do that which was intended, it would be harsh to say that the instrument should not be reformed, and that equity will give no relief. It is clear to us that the right to have said reformation decreed cannot be questioned, and we do not deem it necessary to cite the many authorities that may be cited in support thereof.

It follows that the court did not commit prejudicial error in overruling the demurrer to the evidence, or in overruling the motion for a new trial; and the cause should be affirmed.

By the Court: It is so ordered.