Moline Elevator Co. v. Loewen Real Estate & Investment Co. et al.

# MOLINE ELEVATOR CO. v. LOEWEN REAL ESTATE & INVESTMENT CO. *et al.*

No. 6016.    Opinion Filed March 21, 1916.

Rehearing Denied May 2, 1916.

(157 Pac. 99.)

1. **JUDGMENT—Conclusiveness—Finality of Judgment.** An action was pending for a foreclosure upon a building, to which action F. was made a defendant, and filed an answer and cross-petition, averring that two houses had been built upon adjoining lots 10 and 11, and that F., under a contract with W., had installed a heating plant for both buildings; that he had filed a mechanic's lien upon said lots, and sought to recover against W., the owner of lot 11, $500. one-half of the price of the boilers, which boilers had been placed on lot 10, which did not belong to W. A personal judgment by default was rendered for F. against W., and the lien claimed adjudged to be foreclosed. Thereafter J. W. G., averring that he, subsequent to the filing of said lien, was the grantee of W. for said building, that he had sold said building to another, and had executed a solvent bond to hold his grantee harmless on account of said pretended mechanic's lien, moved the court to set aside and vacate said judgment "so far as the same declared a lien upon said property," which motion was granted, upon the grounds that the cross-petition failed to state a cause of action as to the lien. F. was granted 15 days in which to file an amended cross-petition, and J. W. G. granted 15 days to file answer, for the sole purpose of litigating the question as to the legality of said lien. Subsequently J. W. G. died, and the case was revived in the name of his administrator, M. E. G. F. filed an amended cross-petition, to which was attached a copy of said mechanic's lien. and sought to impress a lien upon said lot 11 for installing that part of the heating plant placed thereon. To said amended cross-petition M. E. G. filed an answer. denying the allegations of the said amended cross-petition. and pleading the statute of limitation of one year. Upon the hearing of the case evidence was introduced tending to show that said indebtedness for which judgment was rendered had been paid and satisfied prior to the rendition of said personal judgment. and that nearly four years had elapsed since the filing of the original petition and the amended cross-petition.

**Held.** that the personal judgment rendered in favor of F. against W. in said case was final. and could not be overcome by

proof that the same had been paid prior to the rendition of said judgment.

2.   **LIMITATION OF ACTIONS — Computation of Period — Commencement of Action—Amended Pleading.** That the amended cross-petition did not set up a new cause of action, and consequently the same related back to the original cross-petition and the action was not barred.

3.   **JUDGMENT — Requisites — Consistency.** That two conflicting money judgments cannot be upheld in the same case.

(Syllabus by Collier, C.)

*Error from District Court, Oklahoma County;*
*W. R. Taylor, Judge.*

Action by the Moline Elevator Company against the Loewen Real Estate & Investment Company, and others. From a judgment for defendant M. E. Galvin, administrator of the estate of John W. Galvin, defendant M. J. Frantz brings error. Reversed and remanded, with instructions.

*H. G. McKeever* and *Frederick L. Brimi,* for plaintiff in error.

*Ames, Chambers, Lowe & Richardson,* for defendant in error.

Opinion by COLLIER, C. The title to this cause is misleading; the actual plaintiff in error being M. J. Frantz, and actual defendant in error being M. E. Galvin, as administrator.

An action was pending in which the Moline Elevator Company was plaintiff and Loewen Real Estate & Investment Company was defendant. Various parties filed answers and cross-bills, including the plaintiff in error, M. J. Frantz, who made Thomas S. Webb a defendant to his cross-petition, to which the said Webb filed an answer and cross-petition against Frantz. The cross-petition of

Moline Elevator Co. v. Loewen Real Estate & Investment Co. et al.

Frantz sought a judgment of $500 for work and labor done and material furnished upon lots 10 and 11 in block 9 in the city of Enid, Okla., under a mechanic's lien filed in the office of the clerk of the district court of Garfield county, Okla., on the 24th day of August, 1907, and attached as an exhibit to his cross-petition in the cause a copy of said lien statement filed and a copy of the alleged contract under which the work was done. The case was originally filed in the district court of Garfield county and removed to the district court of Oklahoma county.

All the litigation involved in the case, other than that between the plaintiff and defendant in error herein, has been settled, and on the 2d day of September, 1910, the said district court of Oklahoma county rendered judgment by default in favor of plaintiff in error for $500, and interest, and adjudged the said Frantz to have a valid and subsisting lien upon lot 11 in block 9 in the city of Enid, Okla., and ordered the same sold for the satisfaction of said judgment.

On October 10, 1910, James G. Galvin filed a motion in the district court of Oklahoma county in which he averred that on the 3d day of November, 1908, he purchased from Thomas S. Webb the said lot 11 in block 9 in the city of Enid, and that on the 3d day of November, 1909, he sold said property to the Kennedy Mercantile Company, and, as this suit was then pending, to secure the said purchaser from any loss by reason of said claim sought to be foreclosed in this suit, he made, executed, and delivered to said purchaser a good and sufficient bond, set up reasons why said suit had not been defended and that he had a good, valid, and meritorious defense to same, and moved the court to set aside the judgment rendered on the 2d day

of September, 1910, so far as the same established a lien upon said lot 11 in block 9 in the original town site of Enid, Garfield county, Okla., and ordered a foreclosure of said lien and sale of said property.

On the ............ day of October, 1910, said motion came on for hearing and was argued and taken under advisement. On the 3d day of July, 1911, the said court held that the said motion should be granted, "and that the petition, so far as the same attempts to establish a mechanic's lien in favor of said M. J. Frantz upon said lot 11 in block 9, does not state facts sufficient to show a cause of action and a valid lien, in this, to wit, that said petition shows that the material furnished by the said M. J. Frantz to Thomás S. Webb was not placed upon said lot 11 in block 9 of the original town site of Enid, but was placed upon lot 10 in block 9 of the city of Enid, and adjudged and decreed that said judgment rendered in said cause on the 2d day of September, 1910," "so far as the same established a lien upon the said lot 11 in block 9 in the city of Enid, be vacated and set aside, and that the mechanic's lien sought to be foreclosed upon said lot is not a valid and subsisting lien upon said property." To which judgment of the court the plaintiff in error, M. J. Frantz, excepted.

On the 16th day of October, 1911, M. J. Frantz filed a motion to set aside and hold for naught the judgment rendered with reference to the lien upon lot 11 in block 9 in the city of Enid, Okla., upon the ground that said judgment setting aside said lien was not warranted by the motion filed therein by the assignee of T. S. Webb to set aside a former judgment of this court, wherein the court found the lien to be valid, and upon the hearing of said motion

Moline Elevator Co. v. Loewen Real Estate & Investment Co. et al.

the court held that the personal judgment against T. S. Webb should not be disturbed, but that the judgment which decreed a valid and subsisting lien upon the above-described property was erroneous and entered under a mistake of facts, and was properly set aside, and that M. J. Frantz have 15 days in which to file an amended answer and cross-petition herein, and that the said defendant J. W. Galvin, as grantee of defendant T. S. Webb, have 15 days in which to file answer to said amended cross-petition, and that the cause thereafter be set for hearing upon its merits with reference to the validity of said mechanic's lien upon the said lot 11 in block 9 in the city of Enid as between the said M. J. Frantz and J. W. Galvin. The material averments in the original cross-petition were:

"That by reason of a portion of said Chamber of Commerce Building being built by two different parties, but at the same time and together, this defendant made his contract to install the heating plant in both sides of said building, and after making the contract referred to, as set forth in this defendant's first cause of action, he entered into a contract with the said Thomas S. Webb for his portion of the building, situated on lot 11. A copy of which contract is hereto attached, marked Exhibit C, and made a part hereof.

"That in pursuance to said contract this defendant did install the heating plant in that portion of the Chamber of Commerce Building known as the Webb portion, and that the work was accepted by the architect, and this defendant did all things incumbent upon him by reason of the terms of said contract.

"That at the time this defendant secured a contract from both the Loewen Real Estate & Investment Company, C. R. H. Davis, and Thomas S. Webb to install the heating plant in said building the said Loewen Real Estate & Investment Company, by Albert Loewen, its presi-

dent, and Thomas S. Webb, entered into a contract that the boilers necessary for the said heating plant should be located on the 16 feet above described, on the north side of the said Loewen Building and in the basement thereof, and which said 16 feet the said Thomas S. Webb was to have a deed for, and the said Thomas S. Webb was to pay for one-half of the boilers, being in amount $500, and which is included in the contract herein set out, and in the aggregate sum of $2,173.65, as set forth in said contract.

"That thereafter, on the 24th day of August, 1907, in order to protect his rights, this defendant filed his proper statutory lien upon the whole of said building known as the Chamber of Commerce Building, or the Loewen-Webb Building, being located on lots 10 and 11 in the said block 9 in the city of Enid, as above set forth. to cover the indebtedness for the boilers as above set out in the sum of $500, which lien is hereto attached, marked Exhibit D, and made a part hereof."

On October 16, 1911, said plaintiff in error filed his amended answer and cross-petition, the material averments of which are:

"That after said work was completed in the building on said lot 11 in accordance with said contract the said Thomas S. Webb stated that he would retain said $500 until he settled with the Loewen Real Estate & Investment Company, which amount the said Thomas S. Webb claimed that the Loewen Real Estate & Investment Company should pay, but which in no way affected the contract herein sued on, made between this defendant and the said Thomas S. Webb, and with which arrangement between the Loewen Real Estate & Investment Company and the said Thomas S. Webb this defendant had nothing to do, and that the answer and cross-petition hereinbefore filed, and of which this is an amendment, was pleaded wrongfully with reference to the said $500 being for the amount of one of the boilers which was in the Loewen side of said building,

through the misunderstanding of this defendant's attorneys, that being the claim of the defendant Thomas S. Webb, but, in truth and in fact, not the facts in the case, and that, as above set forth, there is a balance due on said contract of $500, for which this defendant obtained judgment, with interest as aforesaid, and the value of said boiler has nothing to do with the claim of this defendant.

"That thereafter, on the 24th day of August, 1907, in order to protect his rights, this defendant filed his proper statutory lien in the office of the clerk of the district court of Garfield county, Okla., upon the whole of said building known as the Chamber of Commerce Building, or the Loewen-Webb Building, located on lots 10 and 11 in block 9 in the city of Enid, as above set forth, to cover the indebtedness of $500 due under said contract from the said Thomas S. Webb to this defendant, a copy of which lien is hereto attached, marked Exhibit B, and made a part hereof.

"This defendant states further that said lien is a valid and subsisting lien upon that portion of said building situated on lot 11 in block 9 in the city of Enid, Garfield county, Okla., which formerly belonged to the said Thomas S. Webb, but now owned and in the possession of his grantees, and is a superior and prior lien to any incumbrances of any kind, including lien mortgages, or other claims against said building, by any or all persons whomsoever.

"This defendant alleges further that under this amended answer and cross-petition he is entitled to have the court decree that said lien is a valid and subsisting and prior lien upon said premises, and that the said grantees of the said Thomas S. Webb purchased said building subject to this defendant's lien, and that any right, title, or interest which they claim therein is subject and inferior to the lien of this defendant."

"This defendant states that one John W. Galvin, one of the grantees of the said Thomas S. Webb, has appeared

in this case and filed his motion here to set aside the former judgment, and that under the issues now joined by the court the validity of said lien is to be declared in the suit between this defendant and the grantee, John W. Galvin."

To which amended cross-petition was attached a copy of the contract by and between plaintiff in error and said Webb, and also a copy of said mechanic's lien statement, filed in the office of the clerk of the district court of Garfield county. Thereafter Thomas S. Webb and John W. Galvin demurred to the said amended answer and cross-petition upon the ground:

"That it does not state facts sufficient to constitute a cause of action in favor of the said M. J. Frantz and against the said Thomas S. Webb and John W. Galvin."

This was overruled, and exceptions saved, and defendants given 20 days to answer. Thereafter, on April 16, 1912, the defendant John W. Galvin filed his answer to said amended cross-petition of plaintiff in error.

On January 3, 1913, the death of the defendant John W. Galvin was suggested, and the case revived in the name of his administrator, M. E. Galvin, who by leave of the court filed his answer to the amended answer and cross-petition of the said M. J. Frantz, denying each and every allegation therein contained, and especially denying the execution of the contract set forth in Exhibit A to said amended answer and cross-petition between the said Thomas S. Webb and plaintiff in error, and, further answering, alleged:

"That the said cause of action and foreclosure of said mechanic's lien as set forth in the amended separate answer and cross-petition of M. J. Frantz is barred by the

statute of limitation; suit upon said cause of action not being instituted within one year after the filing of said mechanic's lien."

This cause came on to be heard, and voluminous evidence was introduced tending to show a full and complete settlement by and between the said Webb and the said Frantz prior to the rendition of the said judgment for $500; but this we deem unnecessary to recite or consider, since the question of the amount of indebtedness on the part of Webb to Frantz for installing the said heating plant has been adjudicated by the judgment rendered for $500, and which is still a binding judgment in the case, and is not at issue in this case.

We are unable to agree with the learned attorneys of the defendant in error that two defenses exist to this case, as we think the sole question involved is whether or not the plaintiff in error has a valid and subsisting lien upon the property involved. The pivotal point of this case is whether or not the amended petition is a departure from the cause of action alleged in the original answer and cross-petition of plaintiff in error, and states a new cause of action.

We have carefully examined the pleadings, fully considered the well-written brief of the attorneys for the defendant in error, and are of the opinion that the amended answer and cross-petition of plaintiff in error does not set up a new cause of action, is not a departure from the original answer and cross-petition, inasmuch as the plaintiff in error had a lien upon said lot 11 for the entire work done and material furnished on said lot 11, and, notwithstanding he had no lien upon the boilers situated upon lot 10, which did not belong to Webb, his fail-

ure to have a lien on said lot 10 in no wise defeated his lien upon the lot which did belong to Webb, for which material was furnished and work done in erecting a heating plant upon that part of the property which belonged to Webb, and which the defendant in error acquired from Webb after the filing of said mechanic's lien, and after the institution of this suit to enforce said lien. In short, we are of the opinion that the said amended answer and cross-petition merely amplifies the original answer and cross-petition, and that therefore the court committed prejudicial error in rendering judgment for the defendant in error, for the reason that the amended answer and cross-petition relates back to the filing of the original cross-petition, and consequently the action was not barred by the statutes of limitations of one year, the only real defense pleaded in this cause.

In *Bordeaux, Adm'r, v. Tucson Gas, Electric Light & Power Company,* 13 Ariz. 361, 114 Pac. 547, 33 L. R. A. (N. S.) 196, it is said:

"An amendment after the completion of the limitation period of a complaint, demurrable for failure to state facts sufficient to constitute a cause of action, is permissible, if the facts stated in the original complaint are sufficient, when read in the light of the amendment, to disclose that the amendment is but the perfection of the imperfect statement of the cause of action attempted to be pleaded, and not the statement of a new or different cause of action."

An amended petition does not set up a new cause of action if a recovery under it would have been barred by a recovery under the original, if the same evidence will support both, if the measure of damages is the same, and if each is open to the same defenses. *Texas Midland Ry. Co. v. Cardwell* (Tex. Civ. App.) 67 S. W. 157; *Phoenix Lum-*

*ber Co. v. Houston Water Co.,* 94 Tex. 456, 61 S. W. 707.

"The rule which governs the reciprocal effect of the doctrine of relation and the statute of limitations upon each other in the matter of amendments to petitions—a rule which seems to be universally sustained by the authorities—may be stated in these words: An amendment to a petition which sets up no new cause of action or claim, and makes no new demand, but simply varies or expands the allegations in support of the cause of action, * * * and the running of the statute against the claim so pleaded is arrested at that point."

So says Chief Justice Sanborn of United States Circuit Court of Appeals, Eighth District, in the case of *Whalen v. Gordon,* 95 Fed. 305, 37 C. C. A. 70.

In the case of *Schauer v. Von Schauer* (Tex. Civ. App.) 134 S. W. 145, the court said:

"The same debt is relied on for recovery, and the only difference in the allegation is in regard to the means by which the plaintiff became the owner of the note. It is always permissible and proper for a plaintiff, by amendment, to elaborate the grounds upon which his suit is based, and an amendment which merely does this, but relies upon the identical debt described in the original petition, notwithstanding the change of allegations in regard to the manner of its acquisition, is not the statement of a new cause of action."

This court said in the case of *Fort Produce Co. v. Southwestern Grain & Produce Co.,* 26 Okla. 13, 108 Pac. 386:

"When the amended petition was filed in that case, the statutory period within which to begin an action upon a contract had expired; but the court held that, since there was a general identity of the transaction forming the cause of complaint in the original and amended peti-

tions, and the original petition had been filed within the proper time, plaintiff's right to recovery was not barred."

In *Phenix Ins. Co. v. Ben Ceaphus, Bryan County,* 51 Okla. 89, 151 Pac. 568, it is held:

"1. An insurance agent with power to countersign and issue policies of insurance negotiated with C. to insure his property. C. informed him he owned a house situated, with his wife's consent, on her land, got her patent and showed it to the agent, from which to obtain the location of the house, and paid the agent premium for $750 insurance on the house. The agent issued the policy and retained possession thereof until after a fire destroyed the house. In writing the policy the agent misdescribed the land and interest of C. therein. A judgment recovered at law on the policy was reversed, and the cause remanded, and C. was permitted to amend his petition by an elaboration only of the essential facts of the agent's mistake or fraud, and prayed for a reformation of the contract of insurance to conform to the real agreement of the parties. *Held,* that the amendment did not substantially change the cause of action disclosed in the first petition, and was properly allowed, and therefore related back to the commencement of the action, and the suit, as made by the amendment, was not barred by the statute of limitations."

There seems to be no material variance between the original cause of action declared upon and the amended cross-petition, and the prayer for relief is the same in both the original and amended cross-petitions; consequently the amended cross-petition does not state a new cause of action, and the action under said amended cross-petition was not barred.

This cause should be reversed and remanded, with instructions to the trial court to render judgment, fixing a mechanic's lien upon said lot 11 and foreclosing the

same for the satisfaction of the said judgment in the sum of $500.

By the Court:   It is so ordered.