## CONTINENTAL INS. CO. v. NORMAN.

No. 6038—Opinion Filed Nov. 12, 1918.

(176 Pac. 211.)

(Syllabus.)

### 1. Process — Summons — Return — Statutes.

Where a summons, directed to the officer of a county other than the one in which the action was commenced, was made returnable in less than 10 days from the date it was issued, and the same was duly served and returned within said time, it was irregular; but where such summons gave the defendant the full statutory time within which to plead said defendant was not deprived of any statutory right nor prejudiced in any way, and the court did not err in refusing to quash said summons.

## 2. Limitation of Actions — Amendment — New Cause of Action.

Where plaintiff, by amendment, sets up no new matter or claim, but merely restates in a different form, more correctly and specifically, the same cause of action set out in the original declaration, it is not a new suit, and the statute of limitation will not avail for a period between the original and amended pleading. Where the original declaration states a cause of action, but does it imperfectly, and afterwards an amended declaration is filed correcting the defect, the plea of the statute of limitations will relate to the time of filing the original declaration.

## 3. Amendment to Pleading—Statute.

Section 4790, Rev. Laws of 1910, expressly authorizes trial courts to permit parties to amend their pleadings by "inserting other allegations material to the case."

## 4. Insurance — Fire Insurance — Proof of Loss—Demurrer to Evidence.

Where the plaintiff, in a suit for damages on a fire insurance policy, alleges the making of a proper proof of loss, and where the evidence discloses that a proof of loss was furnished the company, accepted and retained by it, and no complaint made of any defects or notice given the insured, and the proof of loss is offered in evidence without objection on the part of the company, held, that a demurrer to the evidence on the ground that the proof of loss was defective was properly overruled.

## 5. Appeal and Error—Reversal — Violation of Statutory or Constitutional Right.

Under section 6005, Rev. Laws of 1910, the Supreme Court is not authorized to set aside any judgment or grant a new trial in any case on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

## 6. Trial — Instruction — Assumption as to Facts.

A certain instruction given by the court and excepted to by counsel examined, and held to be free of prejudicial error as applied to the facts of this case.

Error from County Court, Stephens County: J. W. Marshall, Judge.

Suit by R. L. Norman against the Continental Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Scothorn, Caldwell & McRill, for plaintiff in error.

Womack & Brown, for defendant in error.

RAINEY, J. R. L. Norman recovered a judgment in the county court of Stephens county, against the Continental Insurance Company for $600 for damages sustained by him under a fire insurance policy issued by the defendant company. To reverse this judgment the insurance company has appealed to this court. The parties will be hereinafter styled as they appeared in the county court.

The first error assigned is that the trial court erred in overruling defendant's motion to quash the summons served on it on the ground that the same was not served in strict accordance with the provisions of section 4707, Rev. Laws of 1910, which reads as follows:

"The summons shall be served and returned by the officer to whom it is delivered, except when issued to any other county than the one in which the action is commenced, within ten days from its date; and, when issued to another county, shall be made returnable in not less than ten nor more than sixty days from the day thereof, at the option of the party having it issued."

The summons attached was issued on the 3d day of April, 1912, directed to the sheriff of Oklahoma county, Okla., and was made returnable on or before the 8th day of April, 1912, which was five days from the date of its issuance.

It will be noted that the statute provides, where a summons is issued to another county other than the one in which the action is commenced, it shall be made returnable in not less than 10 days from its date. We think the purpose of this provision is to insure the officer to whom the summons is directed a sufficient length of time after receiving the summons within which to serve it and to make his return thereon. In many, if not in most, cases, such a summons would not reach the officer in a county other than the one in which the action was commenced in time for him to serve and return the same in less than 10 days, and, in our opinion, this provision was for the officer's protection and solely for his benefit. Where a defendant is given the full time prescribed by the Code within which to plead we do not perceive how his rights would be affected in the slightest degree, and it is very clear that he will not be prejudiced in any way. Counsel do not contend that any prejudice resulted to the defendant, but base their argument solely on the proposition that, because the statute was not strictly complied with, the summons was therefore so irregu-

lar that it was error not to quash it on their motion; and they rely on the cases of State ex rel. Collins et al. v. Parks, Judge, 34 Okla. 335, 126 Pac. 242, and Aggers v. Bridges, 31 Okla. 617, 122 Pac. 170, as sustaining their position. In Aggers v. Bridges, supra, it was held that a notice by publication in all respects as required by law, except that the time stated in said notice within which the defendant was to answer was 36 days from the date of the first publication, was a plain violation of the statute, that gave the defendant not less than 41 days from the date of the first publication, and therefore deprived him of a substantial statutory right. Pursuant to the same principle in State ex rel. Collins et al. v. Parks, Judge, supra, it was held that a summons by which the defendant was required to answer in less than 20 days should be quashed on motion, because not in compliance with sections 5593 and 5645, Compiled Laws of 1909 (sections 4705 and 4756, Rev. Laws of 1910). The principle of law announced in these cases is sound, but it is not applicable to the case under consideration; for, while it is clear that the provisions of the Code giving the defendants a fixed period of time within which to plead, which were under consideration in the cases cited, were for the benefit of the defendants served, it is equally clear that the provisions of section 4707, Rev. Laws of 1910, fixing the time within which the officer shall serve and return the summons, are solely for the benefit of the officer to whom the summons is directed. Though the question decided is not exactly the same, the principle announced in the cases of Clough et al. v. McDonald, 18 Kan. 114, and Swerdsfeger v. State, 21 Kan. 475, is in point. Section 62 of the Kansas Civil Code (section 6953, Gen. Statutes of Kansas 1915) is identical with section 4707, Rev. Laws of 1910. In Clough et al. v. McDonald, supra, the summons was issued to the county where the action was commenced was made returnable within six days after its date and was served by the officer on the day before the return day. The contention was made that this summons was void or voidable, because the officer to whom it was directed was not given the full 10 days from the date of issuance to make his return thereon. In denying this contention the Supreme Court of Kansas, in an opinion by Mr. Justice Valentine, said:

"And the only statutes upon which this claim is based are the following: Section 61 of the Civil Code provides that 'the summons shall be served and returned by the officer to whom it is delivered * * * within ten days from its date.' Gen. Stat. 641. And section 105 of the Code provides that 'the answer or demurrer by the defendant shall be filed within twenty days after the day on which the summons is returnable.' Gen. Stat. 650. In the present case the summons was made returnable in six days after its date, and was served by the officer on the day before the return day thereof. Now, a summons of this kind we think is never void. It might be voidable, however, if the officer should take the whole time (ten days) given him by law within which to serve it upon the defendant, for in that case the time given to the defendant within which to answer or demur would be shortened. But where the officer serves the summons before the return day thereof, as in this case, we do not think that either the summons or the service is either void or voidable. In such a case the defendant has lost nothing. He has his full twenty days after the return day of the summons within which to answer or demur, and that is all that the law gives him in any case. It is the time of the officer, and not that of the defendant, that is shortened, by making the return of the summons less than ten days from its date." Clough v. McDonald, 18 Kan. 115.

We conclude then that, while the summons was irregular, the defendant was neither deprived of any statutory right nor prejudiced in any way, and was not in a position to complain of its irregularity. Therefore the court did not err in overruling the motion to quash.

It is next urged that the trial court erred in overruling defendant's demurrer to plaintiff's second amended petition on the ground, first, that the suit on the policy was not commenced within 12 months next after the fire, as provided by the terms of the policy; and, second, because on the 5th day of September, 1912, the court sustained a demurrer to plaintiff's petition, and the amended petition was not filed until the 7th day of February, 1913, and that said amended petition for the first time stated a cause of action, and that the same was not filed until after the plaintiff's action was barred. The first ground of objection is predicated on the proposition that the summons hereinbefore discussed was void, and that plaintiff had not procured valid service upon the defendant within 60 days from the filing of his petition and praecipe for summons. In holding that said summons was not void we have disposed of this contention.

The second ground of the demurrer is also without merit, for the reason that, although the statutory period within which to begin the action upon the insurance policy had ex-

pired when the amended petition was filed, the amended petition did not state a new or different cause of action but was merely an enlargement and perfection of the imperfect statement of the cause of action as pleaded in the original petition, and the doctrine of relation applies, since the original petition was filed within the proper time. Z. T. Fort Produce Co. v. Southwestern Grain & Produce Co., 26 Okla. 13, 108 Pac. 386; Phenix Ins. Co. of Brooklyn, N. Y., v. Ceaphus, 51 Okla. 89, 151 Pac. 568; Moline Elevator Co. v. Loewen Real Estate & Inv. Co. et al., 57 Okla. 478, 157 Pac. 99; Armstrong et al. v. May et al., 55 Okla. 539, 15 Pac. 238; Wynnewood Cotton Oil Co. v. Moore, 54 Okla. 163, 153 Pac. 633; Motsenbocker et al. v. Shawnee Gas & Electric Co. et al., 49 Okla. 304, 152 Pac. 82, L. R. A. 1916B, 910.

The alleged defect in plaintiff's original petition was that it failed to state that plaintiff's insured property was located at the time of its loss at the place designated in the policy. We have serious doubts as to the correctness of the ruling of the trial court in sustaining the demurrer to the original petition; but assuming that the petition was defective, as contended by the defendant, it is evident that the amendment did not substantially change the plaintiff's claim, and express authority is given to the trial courts by section 4790, Rev. Laws of 1910, to permit parties to amend their pleadings by "inserting other allegations material to the case."

At the conclusion of the testimony offered by the plaintiff defendant interposed a demurrer to the evidence, which was overruled by the court. Complaining of this ruling, counsel for defendant say that the evidence offered by the plaintiff was insufficient to entitle him to recover, because the proof of loss offered in evidence did not strictly comply with the terms of the policy, in that it did not contain all the information designated by the policy to be furnished. Plaintiff alleged in his petition that he had made proof of loss within 60 days, as required by the policy, and the proof of loss so furnished by him was offered in evidence without objection on the part of the defendant. Defendant did not allege in its answer the failure of the plaintiff to furnish a sufficient proof of loss and, after having received the proof of loss, retained it without making any objection thereto so far as disclosed by the record in this case. Under these circumstances the demurrer was properly overruled for in Insurance Company of North America v. Cochran et al., 59 Okla. 200, 159

Pac. 247, this court held that where plaintiff's petition alleged the making of a proper proof of loss, and the evidence disclosed that the proof of loss, though defective, was accepted and retained by the company, and no notice of the defects was given the insured, that such defects were waived, and that further proof was unnecessary. See, also, Arkansas Insurance Co. v. Cox, 21 Okla. 873, 98 Pac. 552, 20 L. R. A. (N. S.) 775, 129 Am. St. Rep. 808.

The evidence in the record also shows that a piano and some of the other property destroyed by the fire were mortgaged for the balance due on the purchase price at the time the insurance policy was issued. Plaintiff pleaded in his petition that defendant's agent had full knowledge of these incumbrances, and that after having been fully advised thereof said agent executed and delivered the policy. This question of fact was submitted to the jury and decided in plaintiff's favor. It is not contended that the provisions of the policy could not be waived, or that the evidence was insufficient to sustain the waiver; but it is urged that the admission, over defendant's objection, of certain testimony given by plaintiff to the effect that, subsequent to the issuance of the policy and to the loss of the insured property by the fire, he had a conversation with the defendant's agent, in which plaintiff again told the agent about the incumbrances on some of the property, and paid the balance of the premium due on the policy, was error. Counsel say that this evidence was inadmissible, for the reason that the plaintiff had not pleaded these facts and circumstances as constituting waiver or estoppel, but had only pleaded that defendant's agent had knowledge of the incumbrances on plaintiff's property at the time the policy was issued. Plaintiff's evidence, showing that the defendant's agent was advised as to the incumbrances on the property at the time the policy was issued is not seriously controverted by the defendant and for this reason we do not see how the defendant company could have possibly been prejudiced by the admission of the evidence complained of. We are satisfied, after an examination of the entire record, that its admission did not result in a miscarriage of justice. See section 6005, Rev. Laws of 1910.

Exceptions were taken by defendant to a certain instruction given by the court wherein the jury was advised that the plaintiff had made a sufficient proof of loss. Under the state of the record the insurer was

not in a position to attack the sufficiency of the proof of loss at the trial, and it was therefore not error for the court to assume its sufficiency in the instruction to the jury. We have examined certain requested instructions, which were refused by the court, and find that in so far as they state correct propositions of law they were covered in the main instructions, which fairly and fully stated the law of the case, and were free of prejudicial error.

The judgment is affirmed.

All the Justices concur.