## DIXON et al. v. DUNCAN.

No. 10318—Opinion Filed Nov. 29, 1921.

(Syllabus.)

**Appeal and Error—Review—Failure of Defendant in Error to File Brief.**

In an action appealed to this court where the plaintiff in error filed brief showing service upon the defendant in error and no brief is filed by the defendant in error and no reason given showing why the defendant in error has not filed brief, and the brief of the plaintiff in error reasonably supports his assignments of error, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained; but this court will reverse the judgment in accordance with the prayer of the petition in error.

Error from District Court, Hughes County; George C. Crump, Judge.

Action by Minnie Duncan and another against R. J. Dixon to quiet title. Judgment for plaintiff Duncan, and defendant appeals. Reversed and remanded, with directions.

A. A. Hatch, for plaintiffs in error.

J. L. Skinner, for defendant in error.

KENNAMER, J. This action was instituted in the district court of Hughes county by Minnie Duncan, plaintiff, against R. J. Dixon, as defendant, to quiet title in the plaintiff to 40 acres of land described in her petition. The defendant, Dixon, filed answer and cross-petition. Charley Wade, by order of the court, was made a party plaintiff, and on the 18th day of January, 1918, the cause was tried to the court, and after the introduction of the evidence the cause was continued until the 28th day of January, 1918, when the court entered judgment in favor of the plaintiff, Minnie Duncan, quieting her title in the lands and decreeing the defendant, Dixon, a mortgage lien upon the property. Motion for a new trial was filed and overruled, and the defendant, Dixon, prosecutes this appeal to reverse the judgment of the trial court.

On an examination of the record in the cause we find that the plaintiffs in error served brief upon counsel of record on June 7, 1919. On July 1, 1919, the defendant in error was granted 30 days' extension of time to file and serve brief upon the plaintiffs in error. No brief has been filed on behalf of the defendant in error, nor reason presented to the court why the same has not been filed and served in accordance with rule No. 7 of this court (47 Okla. vi). In such a situation this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but where the brief filed on behalf of the plaintiff in error reasonably supports his assignments of error, this court will reverse the judgment in accordance with the prayer of the petition in error. Security Insurance Co. v. Droke, 40 Okla. 116, 136 Pac. 340; Frost v. Haley, 63 Okla. 19, 161 Pac. 1174.

We have carefully examined the brief of the plaintiff in error in this cause and the same appears to reasonably sustain the assignments of error. The judgment of the trial court is, therefore, reversed, and the cause is remanded to the district court of Hughes county, with directions to grant a new trial.

HARRISON, C. J., and JOHNSON, MILLER, and ELTING, JJ., concur.