## JOHNSON v. POTTS et al.

No. 10677—Opinion Filed Oct. 3, 1922.

(Syllabus.)

1. **Limitation of Action — Sufficiency of Petition—Amendment.**

Where an action is duly commenced in the district court before it is barred by any statute of limitations, and the original petition states a cause of action, and thereafter by leave of court the plaintiff files an amended petition which also states a cause of action, it is reversible error for the court to sustain a demurrer to such amended petition, either on the ground that the action was barred by the statute of limitations, or that such amended petition failed to state a cause of action.

2. **Appeal and Error—Failure of Defendant in Error to File Brief—Reversal.**

In an action appealed to this court, where the plaintiff in error filed brief showing service upon the defendant in error and no brief is filed by the defendant in error and no reason given showing why the defendant in error has not filed brief, and the brief of the plaintiff in error reasonably supports his assignments of error, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained; but this court will reverse the judgment in accordance with the prayer of the petition in error. Dixon v. Duncan, 84 Okla. 58, 202 Pac. 280.

Error from District Court, Bryan County; J. M. Crook, Judge.

Action by E. F. Johnson to recover damages against W. F. Potts and J. B. Potts.

Demurrer to amended petition sustained by the court, and plaintiff appeals. Reversed and remanded.

McPherren & Cochran and Phillips & Shirley, for plaintiff in error.

Crockett & Fowler, for defendants in error.

MILLER, J. This action was commenced in the district court of Bryan county, February 2, 1917, by E. F. Johnson, as plaintiff, to recover damages against W. F. Potts and J. B. Potts, as defendants. The facts as alleged in the amended petition thereafter filed by the plaintiff may be briefly stated as follows:

Defendants Potts and Potts, in November, 1915, sold to E. F. Johnson a certain jack, named Lee Worrior, for $500, which amount the plaintiff paid in cash. The jack was sold by defendants to plaintiff for breeding purposes. Said jack was valueless for breeding purposes, and plaintiff seeks to recover back the purchase price of said jack, together with interest thereon from date of payment and $240 for feeding, keeping, and handling said jack.

To this amended petition filed by the plaintiff the defendants demurred upon two grounds: That the amended petition does not state facts sufficient to constitute a cause of action, and that the action is barred by the statute of limitations.

The demurrer was sustained by the trial court. The plaintiff saved all necessary exceptions, perfected this appeal, and appears here as plaintiff in error. For convenience, the parties will be referred to as they appeared in the lower court.

The plaintiff has filed a brief setting out as his assignments of error:

"(1) The court erred in sustaining demurrer of defendants to the amended petition filed by the plaintiff.

"(2) Error of law in sustaining demurrer to petition and rendering judgment against plaintiff."

The record shows that the defendants have not filed a brief, although the brief of plaintiff was duly served upon their attorney of record and their time to file brief has long since expired.

The plaintiff cites the following cases to support his assignment of error that the cause of action was not barred by the statute of limitations: Fort Produce Co. v. Southwestern Grain & Produce Co., 26 Okla. 13, 108 Pac. 386; Culp v. Steere et al., 47 Kan. 746. 28 Pac. 987; Continental Insurance Co. v. Norman, 71 Oklahoma, 176 Pac. 211;

Phoenix Insurance Co. v. Ceaphus, 51 Okla. 89, 151 Pac. 568; Schauer v. Von Schauer (Tex. Civ. App.) 138 S. W. 145; Moline Elevator Co. v. Loewen Real Estate Co. 57 Okla. 478, 157 Pac. 99; Armstrong v. May, 55 Okla. 539, 155 Pac. 238; Wynnewood Cotton Oil Co. v. Moore, 54 Okla. 163, 153 Pac. 633; Motsenbocker v. Shawnee Gas & Electric Co., 49 Okla. 304, 152 Pac. 82; Van Winkle Gin & Machine Works v. Brooks, 53 Okla. 411, 156 Pac. 1152.

We agree with the contention of the plaintiff.

The record shows the action was commenced before the statute of limitations had run. The original petition and the amended petition each state a cause of action to recover damages. The authorities above cited reasonably tend to support the assignments of error. The defendants having failed to file any brief, this court is not required to cast about for some theory upon which the judgment of the trial court may be sustained. Dixon v. Duncan, 84 Okla. 58, 202 Pac. 280; Security Insurance Co. v. Droke, 40 Okla. 116, 136 Pac. 430; Frost v. Haley, 63 Okla. 19, 161 Pac. 1174.

The judgment of the trial court is reversed, and the cause is remanded to the district court of Bryan county, with instructions to set aside the judgment, overrule the demurrer of the defendants, and take such other proceedings as may be necessary to adjudicate the rights of the parties herein.

HARRISON, C. J., and JOHNSON, KENNAMER, and NICHOLSON, JJ., concur.