**WESTCHESTER FIRE INS. CO. of N. Y. v. FEDERAL NAT. BANK.**

No. 17848.   Opinion Filed Dec. 4, 1928.

Rehearing Denied Jan. 22, 1929.

Rittenhouse & Rittenhouse and Frank E. Lee, for plaintiff in error.

Sharp & Sharp and W. L. Chapman, for defendant in error.

HERR, C.  This is an action by the Federal National Bank of Shawnee to recover on a fire insurance policy.  The policy claimed under was originally issued to Kirkpatrick & Foster, a copartnership, and by them, subsequent to the fire, assigned to the plaintiff.

The defenses pleaded are: First, statute of limitations; second, that the policy was canceled by mutual consent of the contracting parties prior to the assignment thereof; third, that the subject of insurance was located on leased grounds without an agreement to that effect having been indorsed upon the policy, and that the same is therefore void.

Upon these issues the case was submitted to the jury, the trial resulting in a verdict in favor of plaintiff.  Defendant appeals.

The principal assignments of error here relied upon are error in refusing a peremptory instruction for defendant, error in reception and exclusion of evidence, error in instructions given and refused, and that

the judgment is excessive and not supported by the evidence.

It is insisted that the court should have directed a verdict in favor of defendant for the reason that plaintiff's cause of action, if any it had, was barred by the statute of limitations. It is not, however, claimed that the action was barred at the time of the filing of the original petition. The petition was amended, and this amendment was not made within the statutory period for commencing action of this kind. It is contended that the original petition stated no cause of action whatsoever, and that the amendment did not, therefore, relate back to the time of the filing thereof. It is claimed that the original petition is defective for the reason that it failed to allege the valuation of the property destroyed.

It is true the petition did not contain a specific allegation of the value of the property destroyed. The allegation was that the property was totally destroyed by fire and a loss was thereby sustained of about $7,000. The petition was subsequently amended by interlineation by inserting the following clause: "And said property was of the reasonable value of $7,000 and was a total loss." We think the original petition was sufficient to arrest the running of the statute.

It is well established that, where the petition states no cause of action whatever, it will not arrest the running of the statute of limitations; and an amendment made after the bar of the statute is complete will be regarded as the bringing of the action in the reckoning of the statutory period of limitations. 37 C. J. 1078.

On the other hand, where the original petition states a cause of action, but does it imperfectly, and afterwards an amended petition is filed correcting the defect by merely making perfect that which was imperfectly stated, such amendment will relate back to the time of the filing of the original petition, and a plea of the statute of limitations is not available thereagainst. Continental Ins. Co. v. Norman, 71 Okla. 146, 176 Pac. 211; Phoenix Ins. Co. v. Ceaphus, 51 Okla. 89, 151 Pac. 568; Armstrong et al. v. May et al., 55 Okla. 539, 155 Pac. 238; Motsenbacker et al. v. Shawnee Gas & Elec. Co., 49 Okla. 304, 152 Pac. 82.

In the case of Armstrong et al. v. May et al., supra, this court says:

"An amended petition which contains no new cause of action, but merely an enlarged claim for damages arising from the same act mentioned in the original petition, is not subject to demurrer because the same shows on its face that claim is barred by statute of limitations, but the amended petition will be held to relate back to the filing of the action and defeat the operation of the statute."

The defendant relies on the following authorities from this state: Burke v. Unger, 88 Okla. 226, 212 Pac. 933; Murray v. McGehee, 121 Okla. 248, 249 Pac. 700; Security Ins. Co. v. McAlester, decided Sept. 7, 1926 (pending on rehearing). In these cases the court held that the original petition stated no cause of action whatsoever, and that the filing thereof did not arrest the running of the statute. In the instant case, however, the original petition stated a cause of action, at least for nominal damages. Conn. Fire Ins. Co. v. Williams, 130 Okla. 15, 264 Pac. 881. The authorities cited by defendant are, therefore, not controlling. The action was not barred.

The policy contains the following provision:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple. * * *"

It is admitted that the building insured was located on ground not owned by the insured in fee simple. It consisted of a cotton gin and was located on leased grounds. It is urged by defendant that, for this reason, it was entitled to a directed verdict. In answer to this contention plaintiff contends that it is disclosed by the evidence that the company's agent, Jones, who issued, countersigned and delivered the policy, knew at the time the same was issued and delivered, that the building insured was located on leased ground, and having issued and delivered the policy with such knowledge, such condition is waived, and that defendant company is now estopped from asserting same.

The defendant argues that the evidence is insufficient to establish such knowledge on the part of its agent. The testimony on this proposition is that the agent, Jones, was familiar with the premises for several years; that he loaned insureds the money with which to purchase the gin located on the premises and that, prior to the issuance of this policy, he had written several other policies of insurance thereon for other companies than the defendant. At the time

of these transactions, he was, however, not in the employ of defendant.

The application for insurance executed by the insured was also offered in evidence. Therein the following questions and answers appear:

"Q. Is this gin plant located on your own farm, or plantation, where either yourself or your manager reside continuously? A. No. Q. If not, how many acres in the gin plot, and how far is it from your farm or plantation? A. Three acres."

This application was taken by defendant's agent, Jones, and defendant is certainly chargeable with knowledge of its contents. We think these answers are sufficient to advise defendant that the gin plant insured was not located on grounds owned in fee simple by insured.

In the case of Natl. Mut. Fire Ins. Co. v. Duncan (Colo.) 98 Pac. 634, it is said:

"The insurer is estopped to claim the benefit of the provision of a fire policy that it, unless otherwise provided by indorsement thereon, shall be void, if the insured property be a building on ground not owned by insured in fee; the application, made a part of the contract by the by-laws, stating insured's title was a 99-year lease."

See, also, Coats v. Camden Fire Ins. Co. (Wis.) 135 N. W. 524.

This evidence, to say the least, was sufficient upon which to submit this question to the jury.

It is contended by defendant that its agent, Jones, had no authority to waive this condition of the policy; that he is merely a soliciting agent, and that such agents are without authority to waive any conditions of the policy. We think the record establishes that he is a policy-writing agent. Section 6748, C. O. S. 1921, provides that policy-writing agents shall be persons who solicit insurance and countersign policies. It is not disputed that Jones had the authority to solicit insurance, issue, countersign and deliver policies. He is, therefore, a policy-writing agent, and had authority to waive this condition of the policy. Merchants & Planters Ins. Co. v. March, 34 Okla. 453, 125 Pac. 1100; North British & Mercantile Ins. Co. v. Lucky Strike Oil & Gas Co., 86 Okla. 192, 207 Pac. 446; Springfield Fire & Marine Ins. Co. v. First Nat. Bank of Taloga, 70 Okla. 47, 172 Pac. 652; Springfield F. & M. Ins. Co. v. Halsey, 52 Okla. 469, 153 Pac. 145; Germania Fire Ins. Co. v. Barringer, 43 Okla. 279, 142 Pac. 1026.

It is next assigned as error that the proof of loss was erroneously admitted in evidence. This assignment is based on the sole ground that such proof was made by insured instead of plaintiff, their assignee. This assignment is not well taken. In 26 C. J. 370, it is said:

"If the policy is assigned or held merely as collateral security, proofs of loss may be made by either the assignor or assignee."

At the trial of the case, defendant offered to prove that prior to the alleged assignment of the policy, the same was canceled by mutual agreement of the contracting parties; that a new policy was to have been procured by Mr. Jones in another company, and that the unearned premium was to be retained by him and applied on such new policy. This evidence was, by the court, excluded. In this, we think the court erred.

It appears that at the time of the execution of the policy, plaintiff had a mortgage on the property insured. There is attached to the policy a mortgagee's loss-payable clause. The reasons assigned by the court for excluding this evidence were that the interests of the plaintiff mortgagee could not be canceled without notice to it, nor could the policy be canceled as to the insured without giving five days' notice as provided by the terms of the policy.

As to the first reason assigned, it is sufficient to say that plaintiff is not relying on the mortgage clause attached to the policy, does not plead the same, but relies solely on its assignment. Under the assignment, plaintiff acquired no greater rights than assured had at the time of the assignment. 5 C. J. 962. If the policy was canceled by mutual consent of the parties prior to the assignment, plaintiff could acquire nothing by such assignment.

As to the second reason assigned, it is sufficient to say that the parties had a right by mutual consent to cancel the policy by other methods than as therein provided. In 26 C. J. at page 143, it is said:

"Provisions of the policy requiring a specific number of days' notice of cancellation to be given to insured are for his benefit and may be waived by him. But the burden of showing such waiver is with insurer. Such waiver takes place where the policy is canceled by mutual consent."

Again, at page 147, the author says:

"Independently of any provision of the policy as to cancellation, the parties may cancel the insurance by mutual consent, provided the negotiations are completed before a loss occurs."

Under the above authorities, the evidence offered should have been admitted.

It is contended by plaintiff that evidence was subsequently offered and admitted by the court touching the question, and that this had the effect of curing the error, if any, in rejecting the evidence when first offered. The evidence offered was only admitted in attempting to prove that plaintiff knew the policy was canceled, but each and every time it was attempted to show that there was agreement and understanding between the defendant and the insured that the policy was canceled, an objection was promptly interposed and sustained by the court. We think the admission of this evidence did not have the effect of curing the error of which defendant complained.

Especially is this true in view of the fact that the court charged the jury that the policy could not be canceled without first giving notice to the Federal National Bank, mortgagee therein named. This instruction is excepted to by defendant, and under the facts in the instant case is clearly erroneous. There is, as stated before, no question as to the rights of a mortgagee involved in this case. The plaintiff claims as assignee and not as mortgagee, and was not, therefore, entitled to notice as mortgagee.

It is claimed by plaintiff that the record fails to show that judgment was ever entered, and that there is, therefore, nothing from which to appeal, and that this court is without jurisdiction to review the alleged errors. The record discloses that a judgment was in fact rendered and entered upon the journal of the court. While this judgment is awkwardly worded, we think it is sufficient in form to constitute a judgment, and sufficient to confer jurisdiction upon this court to pass upon the alleged errors.

The other errors assigned are not well taken.

For the reasons stated, judgment should be reversed and the cause remanded for a new trial.

LEACH, FOSTER, HALL, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) anno. 8 A. L. R. 1405; 17 R. C. L. p. 815; 3 R. C. L. Supp. p. 737; 6 R. C. L. Supp. p. 1030; 7 R. C. L. Supp. p .582. (2) anno. 38 L. R. A. (N. S.) 427; 14 R. C. L. p. 1061. See 'Fire Insurance,." 26 C. J. §176, n. 147, n. 32: §177., p. 148, n. 51; §360, p. 287, n. 55; §390, p. 317, n. 27; §473. p. 370, n. 98, 1; "Limitation of Actions," 37 C. J. §510, p. 1073, n. 22.