## PETERMAN et al. v. CHAPMAN et al.

No. 10137—Opinion Filed May 31, 1921.

Rehearing Denied Sept. 13, 1921.

(Syllabus.)

### Courts—Constitutional Right of Appeal—Validity of Statute Creating City Court.

That part of section 16, ch. 113, House Bill No. 276, Session Laws of 1917, which attempts to limit the right of a person to appeal from judgments of courts not of record in civil cases where the amount involved in the appeal, exclusive of interest and costs, does not exceed $100, violates the constitutional right of appeal guaranteed by section 19, art. 2, of the Bill of Rights, and is void.

Error from District Court, Muskogee County; R. P. deGraffenried, Judge.

Action by E. C. Chapman and Mary H. Dean against J. A. Peterman, Anna Peterman, and Elmer Peterman, to recover damages for breach of warranty, instituted in the justice court, taken on change of venue to the City Court of Muskogee. From a judgment rendered in that court in favor of the plaintiffs, the defendants appealed to the district court. On motion of the plaintiffs, the appeal was by the district court dismissed. Defendants appeal. Reversed and remanded.

David A. Kline and A. A. Avery, for plaintiffs in error.

William Neff and L. E. Neff, for defendants in error.

MILLER, J. This action was commenced October 14, 1916, in the justice court of Harry R. Milford, justice of the peace in Muskogee county, by E. C. Chapman and Mary H. Dean, as plaintiffs, against J. A. Peterman, Anna Peterman, and Elmer Peterman, as defendants, to recover the amount of taxes paid by the plaintiffs because of a breach of warranty of defendants. By proper orders the case was transferred to the city court of Muskogee, and there judgment was rendered against the defendants in the sum of $100. with interest. The defendants appealed to the

district court of Muskogee county. The plaintiffs filed a motion to dismiss the appeal, which motion was by the court sustained, and this appeal perfected by the defendants, who appear here as plaintiffs in error.

The assignments of error are made as follows:

"Plaintiffs in error have presented four assignments of error in their petition of error, but which may be reduced to two propositions: First. Plaintiffs in error contend that the act of the Legislature relating to appeals de novo out of the city court in that class of cases represented by the case at bar, is not constitutional. (Third assignment in petition in error.) Second. Is the amount involved in the appeal the amount of the judgment rendered in the city court, or the amount as indicated in the bill of particulars for which suit is brought?"

The answer contained a general denial and some other matters of defense. On March 18, 1918, judgment was rendered in the city court against plaintiffs in error here in the sum of $100, with interest at six per cent. from May 2, 1916, and costs. On March 27, 1918, an appeal bond in the sum of $300 was duly filed and approved and the appeal taken to the district court. The defendants in error filed a motion to dismiss the appeal on the grounds that the appeal was not taken in the manner provided by law; that the appeal bond is not in the form provided by law; that the amount in controversy in the appeal, exclusive of costs and interest, does not exceed .$100, and the judgment appealed from was not an appealable judgment. On the 8th of April, 1918, the district court of Muskogee county sustained the motion, and stated its reasons therefor as follows:

"And the court finds that said motion should be sustained, for the reason that the cause is not appealable for a trial de novo, said judgment being the amount in controversy in the appeal, and being exclusive of interest and costs not to exceed $100, and the defendants have not prosecuted a petition in error and are not entitled to a trial de novo, to all of which defendants except."

We have examined the record, and find that the motion should not be sustained unless for the reasons stated by the trial court. These reasons are based on sections 1 and 16 of chapter 113, House Bill No. 276, Laws of 1917, page 170, and under which law the city court of Muskogee was created. These sections read as follows:

"Section 1. That in any county in the state of Oklahoma having a city with a population of more than 25,000 people and less than 45,000 people, as shown by the last regular decennial federal census or any regular decennial federal census hereafter, there is hereby established at said city a court to be called the city court of _____

(naming said city), which court shall have two judges, one clerk, one deputy clerk and two marshals. This court shall not be a court of record."

"Section 16. In all cases where the amount in controversy in the appeal exclusive of interest and costs exceed $100.00, appeals may be taken from the final judgment of such court to the district or superior court of the county, where such court is located and a trial de novo obtained by filing with the judge or clerk of the lower court within ten days an appeal bond conditioned and governed by the same rules now provided by law for justice of the peace courts and as provided in chapter 61, article 9, of the Revised Laws of Oklahoma, 1910; provided, that no appeal shall be taken unless a defense was set up or a cause of action shown by written pleadings and also by actual appearance and defense in person or by attorney in open court in such city court, unless the appealing party shows he was prevented from filing pleadings or appearing at the trial in such city court by unavoidable casualty or misfortune or excusable neglect, and provided that a trial de novo in the appellate court shall not be granted in any case where the amount involved in the appeal, exclusive of interest and cost does not exceed $100.00."

Plaintiffs in error contend that this section conflicts with section 19 of article 2 of the Constitution of Oklahoma, which provides in part as follows:

"The right of trial by jury shall be and remain inviolate, and a jury for a trial of civil and criminal cases in courts of record, other than county courts, shall consist of twelve men; but, in county courts and courts not of record, a jury shall consist of six men. This section shall not be so construed as to prevent limitations being fixed by law upon the right of appeal from judgments of courts not of record in civil cases concerning causes of action involving less than twenty dollars * * *."

We agree with the contention of plaintiffs in error. The right of appeal in Oklahoma is a constitutional right guaranteed by the Constitution. This cannot be taken away by any act of the Legislature. The only limitation on appeals from judgments of courts not of record in civil cases is the limit fixed by section 19 of the Constitution, supra, and that is $20. The Legislature could not enlarge that limitation to $100, for that would restrict the right of appeal granted by the Constitution.

Having reached this conclusion, it is not necessary to consider the other question raised by the plaintiffs in error.

The judgment of the district court of Muskogee county is reversed, with instructions to overrule the motion to dismiss the appeal.

HARRISON, C. J., and JOHNSON, McNEILL, ELTING, and KENNAMER, JJ. concur.