## R. B. HERNDON REAL ESTATE CO. v. DEPEW et al.

No. 11661—Opinion Filed Nov. 29, 1921.

(Syllabus.)

**Constitutional Law—Right of Appeal—Statutory Limitations—Validity.**

That part of section 15, ch. 113, House Bill No. 276, Session Laws 1917, which attempts to limit the right of a person to appeal from judgments of courts not of record in civil cases where the amount involved in the appeal, exclusive of interest and costs, does not exceed $100, violates the constitutional right of appeal guaranteed by section 19, art. 2, of the Bill of Rights, and is void.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action by the R. B. Herndon Real Estate Company against Joe Depew and another for broker's commission. Judgment for defendants in city court, and from superior court's judgment dismissing plaintiff's appeal, it brings error. Reversed and remanded.

Brook & Brook, for plaintiff in error.

C. E. McLees, Bower Broaddus, and C. A. Ambrister, for defendants in error.

JOHNSON, J. This appeal is by the transcript of the record, which discloses that the plaintiff, R. B. Herndon Es-

tate Company, on March 31, 1919, commenced an action against Joe Depew and Mrs. Joe Depew, defendants, in the city court of Muskogee to recover for commissions alleged to be due the plaintiff on account of sale made by the plaintiff of certain property belonging to the defendants under contract of the defendants for such commission.

The defendants answered by general denial. Said cause was tried to said court on the 23rd day of September, 1919, and resulted in a judgment in favor of the defendants for costs. The plaintiff filed a timely motion for new trial, which was by the court overruled on the 26th day of September, 1919, and upon said day the plaintiff filed an appeal bond, which was approved by said court, and thereafter a transcript of the proceedings in said court was filed in the superior court of Muskogee county, and said cause came on for trial in said superior court on the 6th day of March, 1920, at which time the defendants presented their motion which is as follows:

"Comes now the defendant and moves the court to dismiss the appeal in the above entitled cause for the reason that said appeal is not taken in the manner and form as provided by the laws of the state of Oklahoma regulating appeals in the city court in amounts up to the sum of one hundred ($100.00) dollars"

—and after the same was argued the following proceedings were had thereon:

"By the Court: I believe I will sustain the motion. By Mr. Brook: Plaintiff asks leave to amend. By the Court: Leave denied; plaintiff excepts. Motion to dismiss sustained; plaintiff excepts."

From the judgment thus rendered by the court the plaintiff has regularly commenced this proceeding in error to reverse such judgment, assigning as error:

"(1) The judgment of the court dismissing plaintiff's appeal was not according to law.

"(2) The judgment of the court in dismissing plaintiff's appeal was erroneous in that: (a) The petition of plaintiff filed in the city court in and for Muskogee county recited facts asking for judgment on a commission basis for five per cent. (5%) on $2,500, or $125. (b) Further, the petition filed by plaintiff did not ask for and seek to recover on contract, as mentioned in paragraph 4 of the petition, wherein the fact is recited that it was agreed to pay the plaintiff the sum of $100. The said paragraph did state that defendants breached said contract, and after the breach of said contract plaintiff asked judgment for the sum of $125. (c) The court committed error

in dismissing plaintiff's appeal and not permitting plaintiff to have a trial de novo, since the issues as tried in the city court, where plaintiff's petition declared upon an amount calling for $125, which was upon a commission basis of five per cent. on the contract sued for, and not for any specific amount calling for $100 or less.

"(3) Said court committed error in overruling plaintiff in error's motion for a new trial."

A careful examination of the record discloses that the appeal is controlled in all respects by the decision of this court in the case of Peterman et al. v. Chapman et al., 83 Okla. 58, 200 Pac. 776, where, in the syllabus, this court stated as follows:

"That part of section 16, ch. 113, House Bill No. 276, Session Laws 1917, which attempts to limit the right of a person to appeal from judgments of courts not of record in civil cases where the amount involved in the appeal, exclusive of interest and costs, does not exceed $100, violates the constitutional right of appeal guaranteed by section 19, art. 2, of the Bill of Rights and is void."

For the reasons stated in said opinion, and upon the authorities therein cited, the judgment of the trial court in the instant case is reversed, and the cause remanded. with directions to overrule the defendants' motion to dismiss and take such further proceedings therein as are not inconsistent with the holdings of this court.

HARRISON, C. J., and KANE, MILLER, and KENNAMER, JJ., concur.