## CULBERTSON et al. v. GIBSON et al.

No. 12343—Opinion Filed May 27, 1924.

### Appeal and Error—Absence of Answer Brief —Reversal.

Where plaintiff in error has prepared, served, and filed the brief as required by the rules of this court, and there is no brief filed and no reason given for its absence on the part of the defendant in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, McIntosh County; E. F. Lester, Judge.

Action by Leah Gibson, nee Green, and others against John J. Culbertson and others. From judgment in favor of the plaintiffs, defendants bring error. Reversed and remanded.

J. C. County, John W. Porter, and Turner, Turner, Harley & Parris, for plaintiffs in error.

Irwin Donovan, Clark Nichols, and Harve L. Melton, for defendants in error.

Opinion by PINKHAM, C. This is an appeal from the judgment of the district court of McIntosh county wherein it was determined by the trial court that the defendants in error were the sole and only heirs at law of Lizzie Peter, Joseph Peter, and Annie Roberts, all of whom were full-blood Creek Indians duly enrolled as such, and to whom certain lands described in the pleadings were allotted and further finding that the persons under and through whom the plaintiffs in error assert their claim were not heirs of the decedents or either of them.

The proceeding was originally instituted in the county court of McIntosh county under the act of Congress approved June 14, 1918, and under the act of the Legislature of Oklahoma, approved April 4, 1919. for the purpose of determining the heirs of the above-named decedents, all of the defendants in error being full-blood Creek Indians, and all of plaintiffs in error being persons

of no Indian blood and having acquired their title to the lands allotted to the decedents long prior to the passage of the act of Congress of June 14, 1918.

The trial was had in the county court upon the petition filed on behalf of defendants in error and judgment rendered by said court in favor of all of the defendants in error except Thomas Red, Earnest Gouge, and Jack Gouge.

Thereafter an appeal was taken to the district court of McIntosh county by the plaintiffs in error. Subsequent to the filing of the appeal in the district court and within the time provided by law, the defendants in error, Thomas Red, Earnest Gouge, and Jack Gouge, filed in the county court of McIntosh county their petition as provided by the act of the Legislature of Oklahoma of April 4, 1919, and thereafter a hearing was again had in the county court upon which judgment was rendered in favor of all of the defendants in error and against the plaintiffs in error. From this judgment an appeal was perfected to the district court within the time allowed by law, and upon the trial had therein the judgment of the county court was affirmed. From this judgment this appeal is taken.

Defendants in error have filed no brief in this court in answer to the brief of plaintiffs in error nor reason presented to the court why the same has not been filed and served in accordance with the rules of this court.

The brief of plaintiffs in error appears to sustain fully its contentions.

In many decisions of this court it has been held that where plaintiff in error has prepared, served, and filed his brief as required by the rules of the court and there is no brief filed or no reason given for its absence on the part of the defendant in error the court is not required to search the record to find some theory upon which the judgment below may be sustained; but where the brief filed by plaintiff in error appears reasonably to sustain his assignments of error the court will reverse the judgment in accordance with the prayer of the petition in error. Dixon et al. v. Duncan, 84 Okla. 58, 200 Pac. 776.

After a careful examination of the brief of plaintiffs in error in this cause we are of the opinion that the judgment and decree of the trial court, in so far as it purports to render judgment against the plaintiffs in error, should be reversed, with instructions to dismiss the cause as against the plaintiffs in error.

By the Court: It is so ordered.