## COMMERCIAL CASUALTY INS. CO. v. CONNELLEE.

No. 20814. Opinion Filed April 5, 1932.

H. C. Thurman and Byrne A. Bowman, for plaintiff in error.

Rittenhouse, Lee, Webster & Rittenhouse, for defendant in error.

HEFNER, J. This is an action in the district court of Oklahoma county by C. U. Connellee against the Commercial Casualty Insurance Company to reform a theft insurance policy and to recover the sum of $106.40 because of loss by theft of 15 dresses. The defense was that the loss was not covered by the terms of the policy, and that plaintiff was not entitled to have the policy reformed. The trial was to the court, and resulted in judgment in favor of plaintiff. Defendant has appealed and asserts that the judgment is contrary to law and is not sustained by the evidence.

The policy in question is a resident burglary and theft insurance policy, and, on its face, insures against loss by theft only of personal effects and wearing apparel and does not insure against theft of property kept by insured at his residence for sale or trade. The property stolen consisted of 15 dresses for children, made by the wife of insured and kept at his residence for sale, and, unless the trial court was correct in reforming the policy, plaintiff cannot recover.

It is contended by plaintiff that the policy, as written, does not contain the real contract entered into between the parties, and does not express their intention. The contract for insurance was entered into between insured and J. Earl Fleenor, resident agent of defendant, at Oklahoma City. Plaintiff testified that the agent solicited

him to take a theft insurance policy insuring his personal property and goods kept at his residence against theft; that he informed the agent that he kept, from time to time, a number of dresses and other articles of wearing apparel which were being made by his wife for sale, and he would consent to the issuance of a policy against theft if it could be made to apply and cover such articles. He further testified that Mr. Fleenor agreed to issue such policy, and that it was understood between them that the policy would be issued insuring such articles against theft; that he relied upon the agent to write and deliver the policy agreed upon; that he neglected to read the policy upon its delivery, and did not discover that it was not the policy agreed upon until after the loss. Mr. Fleenor, agent, admits that the real contract of insurance entered into between the parties was as contended by plaintiff, and further testified that he so understood the contract, and that it was his intention that the policy should cover property in process of manufacture and kept by insured at his residence for sale or trade.

In our opinion, under this evidence, the court properly reformed the policy. An insurance policy may be reformed to the same extent and in a like manner as other contracts. In the case of Phoenix Ins. Co. v. Ceaphus, 51 Okla. 89, 151 P. 568, it is said:

"Where a policy of insurance does not represent the intention of the parties thereto, because of the fault or negligence of the agent writing the policy, such policy may be reformed, so as to express the contract as it was intended to be made."

Defendant asserts that plaintiff cannot maintain an action to reform the policy because he received and accepted the same and paid the premium thereon without objection; that by reason of his laches he is barred from maintaining this action. We do not agree with this contention. Both plaintiff and defendant's agent agree that the policy does not comply with the intention of the parties, and does not contain the real agreement entered into between them. We think plaintiff had a right to rely upon defendant's agent to issue and deliver to him a policy of insurance as agreed upon between them, and the mere fact that he did not discover the mistake until after his loss does not prevent him from obtaining a reformation of the policy.

In Robinson v. Union Auto. Ins. Co. (Neb.) 198 N. W. 166, that court said:

"When a soliciting agent of an insurance company and the insured mutually agree upon the terms and conditions of the insurance contract, and the policy, later issued by the company, omits one of the essential elements of the contract, which is not discovered by the insured until after a loss occurs, he may then have the policy reformed, so as to express the real agreement of the parties, and his failure to promptly examine the policy when received and discover the departure therein from the real agreement will not defeat his right to have reformation of the policy."

To the same effect are the following authorities: Mer. & Mfg. Inter-Ins. Alliance v. Hanson (Tex. Civ. App.) 258 S. W. 257; Conn. Fire Ins. Co. v Wiggington (Ark) 203 S. W. 844; Fid. & Cas. Co v Palmer (Conn.) 99 Atl. 1052; Back v. People's Nat. Fire Ins. Co. (Conn.) 116 Atl. 603; Norem v. Ia. Imp. Mut. Ins. Co. (Ia.) 195 N. W. 725; Ga. Cas. Co. v. Bond-Foley Lbr. Co. (Ky.) 219 S. W. 443; Gimmares v. Allemannia Fire Ins. Co. (N. J. Eq.) 105 Atl. 611; Carlton Lbr. Co. v. Lbr. Ins. Co. (Ore.) 158 P. 807; Komula v. Gen. Acc. Fire & Life Assur. Corp. (Wis.) 162 N. W. 919; Journal Co. v. Gen. Acci. Fire & Life As. Corp. (Wis.) 205 N. W. 800; and Holden v. Law, Union & Rock Ins. Co. (Ore.) 127 P. 547.

Defendant further claims that Mr. Fleenor had no authority to enter into the contract relied upon by plaintiff, and had no authority to bind it to issue a policy covering loss of the character here involved. A sufficient answer to this contention is that Mr. Fleenor was its authorized agent. He was authorized to issue, countersign, and deliver policies, and to collect the premiums thereon. Under the law, he was a policy-writing agent, and therefore had authority to enter into insurance contracts for and on behalf of defendant, and had authority to enter into the contract in question. Home Ins. Co. v. Mobley, 57 Okla. 692, 157 P. 324; Westchester Fire Ins. Co. v. Fed. Nat. Bank, 135 Okla. 47, 273 P. 889.

Under the authorities cited, defendant's agent was authorized to contract on behalf of defendant, and was also authorized to waive conditions of the policy.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.