FREMONT BEVERAGE COMPANY, APPELLEE, V. MARYLAND
INSURANCE COMPANY, APPELLANT.

FILED APRIL 29, 1932. No. 28190.

*Rose, Wells, Martin & Lane* and *Cook & Cook,* for appellant.

*John Gumb, Jr.,* and *Abbott, Dunlap & Corbett, contra.*

Heard before GOSS, C. J., DEAN, GOOD, DAY and PAINE,
JJ., and LANDIS, District Judge.

LANDIS, District Judge.

This is an action in equity to reform an insurance
policy. From a decree granting reformation the insurance company appeals.

The sole question on this appeal is whether or not the
appellee was entitled to have its policy of insurance reformed. The Maryland Insurance Company, appellant, on
March 10, 1930, issued its policy of fire insurance to the
Fremont Beverage Company, through its Fremont, Nebraska, agency, by Reynolds Brothers its agents, insuring
for one year the property described therein as:

"$2,500 on merchandise of every kind and description,
including live and dressed poultry, materials, supplies,
lumber, manufactured or unmanufactured, boxes and
other containers for dressed poultry, labels and chemicals,
all while contained in the brick building, occupied as
poultry feeding, packing and dressing station and cold
storage plant and in frame and/or iron clad additions ad-

joining and communicating, situated on the west side of Platte avenue at or near its intersection with Factory street, block 13, Cloverly Addition to Fremont, Nebraska. This insurance shall also extend to cover merchandise as hereinbefore described while in or on platforms and on the premises adjoining and/or in railroad cars on side-tracks within five hundred (500) feet of building above described."

Appellee conducted its business in a plant consisting of several buildings, two of which were on the east side of Platte avenue. On August 14, 1930, appellee sustained a loss by fire on its merchandise in the south building on the east side of Platte avenue. The precise question on this appeal is whether or not, under the pleadings and evidence, the appellee was entitled to have its policy reformed to cover merchandise located in the south building on the east side of Platte avenue.

It is conceded that, if the policy is reformed, appellee should recover for the loss of the merchandise. The pleadings present the claim that appellant's agents knew that there was merchandise of appellee east of Platte avenue; that appellee's general manager wanted that merchandise insured, and that with knowledge of these facts appellant's agents represented in effect that the policy issued covered said merchandise. If the evidence sustains these claims then in equity appellee is entitled to reformation. *Grand View Building Ass'n v. Northern Assurance Co.*, 73 Neb. 149; *Robinson v. Union Automobile Ins. Co.*, 112 Neb. 32.

Upon trial *de novo* we reach the independent conclusion that the evidence sustains the claims of the appellee and that the policy in issue should be reformed to cover the merchandise loss resulting from the fire on August 14, 1930. The agents of appellant, Reynolds Brothers, wrote all the insurance of appellee for some years and were notified as early as 1925 that appellee had merchandise in its buildings east of Platte avenue which was to be covered by the insurance. Appellee's manager was advised that the policies covered such. Several times each

year one of the Reynolds Brothers visited the plant of appellee. Appellee through its representative relied entirely on the Reynolds Brothers in the preparation and writing of all its policies of insurance. Using the same form of coverage for merchandise, appellant renewed the insurance from year to year through its Fremont agency conducted by Reynolds Brothers. In February, 1930, there was a fire loss on the merchandise in the north building of appellee's plant on the east side of Platte avenue. This loss was personally inspected by appellant's agent, proof of loss furnished, and loss paid by appellant.

The policy in issue was written March 10, 1930, very shortly after the February fire. It was a renewal of and exactly similar, except as to dates, to the policy in force upon which the loss was paid. When the policy in issue was delivered, appellant through its agents knew that there was merchandise in the buildings of appellee's plant east of Platte avenue which it wanted and believed was covered thereby. The appellant in effect represented that this policy covered said merchandise. After the August 14, 1930, loss appellee's attention was for the first time called to the fact that the description put into the policy in issue by agents of appellant was claimed to be ambiguous and not to cover the merchandise, although the February fire had covered a similar loss in practically the same location, which loss had been paid by appellant without question.

The judgment and decree entered in the trial court is right and is

AFFIRMED.