## COMMERCIAL CASUALTY INS. CO. v. VARNER.

No. 21427. Opinion Filed. Oct. 25, 1932.

Rehearing Denied Nov. 22, 1932.

J. E. Williams, for plaintiff in error.

Sigler & Jackson, for defendant in error.

RILEY, J. This is an action to recover on an accident insurance policy. The petition is in two counts, the second count being for reformation of the policy.

Plaintiff prays for a judgment in the sum of $500 for the loss of one eye, that being the amount of indemnity provided for in the policy for the accidental loss of an eye.

Trial was had, resulting in a judgment reforming the policy and a directed verdict for the plaintiff for the amount sued for.

The loss of plaintiff's eye by an accidental injury is not questioned. There can be no doubt as to plaintiff's right to recover if reformation of the policy was authorized. If he was not entitled to have the policy reformed, he was not entitled to recover. The policy, as written, insured against loss of life, or both eyes, or both hands, or both feet, or one hand and one foot in the sum of $1,500, and for the loss of one hand or one foot or one eye in the sum of $500, provided that the loss was the result of an accident, and provided further that such loss should occur within 30 days after the accident causing the injury, but only: (1) While actually riding as a passenger in a place provided for transportation of passengers within the enclosed part of a surface or elevated railroad car, steamboat, subway car or other public conveyance provided by a common carrier for passenger service only,

and in consequence of an accident to the conveyance in which the insured is so riding, or, (2) while riding as a passenger in any passenger elevator in a place regularly provided for the sole use of passengers, and in consequence of an accident to the elevator in which the insured is so riding.

Other provisions contained in the polcy and limitations, not necessary to consider here, were provided with reference to loss of life under certain conditions. The accident by which plaintiff lost his eye did not come within the policy as written and thus limited.

Plaintiff, in substance, pleads two grounds for reformation:

First: Fraud, and

Second.: An agreement or contract with defendant's agent when he agreed to purchase the policy that it was to be without such restrictions and that the policy when issued was contrary to the agreement and contrary to the contract which plaintiff made with such agent and that the insurance company failed to deliver him the policy he was entitled to under the contract.

As to the second ground, the petition, in substance, pleads mutual mistake.

The defense was that the loss was not covered by the terms of the policy, in that plaintiff was neither a passenger in a vechicle provided and used by a common carrier nor a passenger in an elevator at the time of his injury, and that plaintiff was not entitled to have the policy reformed.

Plaintiff signed a written application for the insurance, which reads:

"I hereby apply for limited accident insurance and for that purpose make the following answers."

Then followed certain questions and answers relative to the age and residence of the applicant and the name, address, and relationship of the beneficiary. Nothing is said therein as to how the accident insurance applied for was to be limited. The application was referred to in the policy and made a part thereof.

The evidence shows that plaintiff did not read the policy and did not discover the limitations therein contained until after an accidental injury; that plaintiff at the time the policy was issued was a minor about 17 years of age; that he was a student in the colored high school at Ardmore; that J. W. Shipp, the agent of defendant, solicited him to buy the insurance and told him that he would sell plaintiff an accident policy which would cover accidental injuries no matter how they occurred, provided only that they were caused by accident; that at first plaintiff did not think he needed it, but when the agent told him that if he injured himself in any way he would be paid, if it was an accident, he agreed to and did take the policy.

Phillip Varner, plaintiff's father, testified, in substance, that the agent told him that the policy would cover all accidents; that thereupon he advised the boy to take the policy; that he (the father) paid the premium, and that he would not have taken the policy if he had known that it did not cover all accidents. That he relied upon such statements and did not read the policy and did not know that it did not contain these provisions until after plaintiff's injury.

This evidence was uncontradicted, as the defendant did not produce its agent and presented no evidence whatever, but relied wholly upon the terms of the policy as written.

Defendant presented four propositions:

First: That if a party is induced to sign a contract by fraud he can, of course, avoid it for that reason. But that merely falsely representing to a man in possession of his faculties and able to read that a writing embodies their verbal understanding is not the fraud which the law means.

Second: Any representation made prior to or contemporaneous with the execution of a written contract is inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract.

Third: A mere soliciting agent for an insurance company has no power to bind the company to a contract of insurance.

Fourth: The burden was on the plaintiff in this case to prove the agency of Shipp and its extent.

Numerous authorities are cited in support of the first proposition, and as a general rule the authorities support the statement. But the trial court did not hold, nor do we hold, that plaintiff was entitled to have the policy reformed on the sole ground that fraud was practiced upon him.

The second proposition may also be said to be true as a general rule, but the rule is not strictly applicable to the facts here pre-

sented. It has been repeatedly held that an insurance policy may be reformed to the same extent and in like manner as other contracts. Phenix Ins. Co. v. Ceaphus, 51 Okla. 89, 151 P. 568; Fidelity-Phoenix Ins. Co. v. First Nat. Bk., 145 Okla. 289, 292 P. 829; Commercial Cas. Co. v. Connellee, 156 Okla. 170, 9 P. (2d) 952, and cases therein cited. In Phenix Ins. Co. v. Ceaphus, supra, it was held:

"Where a policy of insurance does not represent the intention of the parties thereto, because of the fault or negligence of the agent writing the policy, such policy may be reformed, so as to express the contract as it was intended to be made."

Plaintiff was not deprived of his right to reformation of the policy by the fact that he signed an application calling for limited insurance. Peterson v. Commonwealth Cas. Co. (Mo.) 249 S. W. 148.

There is no merit in either the third or fourth propositions.

The policy itself provided that:

"This policy to be effective must be countersigned by a duly authorized representative of the company."

It was so countersigned at Ardmore, Okla., the signature being as follows: "J. W. Shipp, authorized for the purpose." J. W. Shipp was identified as that agent and as the man who negotiated with plaintiff for the policy. He delivered the policy and collected the premium. Under the law he was more than a mere soliciting agent, and had authority to enter into contracts of insurance for and on behalf of the company. Commercial Casualty Co. v. Connellee, 156 Okla. 170, 9 P. (2d) 952.

The evidence of plaintiff, in the absence of any denial thereof, was sufficient to support the judgment of the trial court reforming the policy. The judgment is therefore affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., and KORNEGAY, J., dissent.