JAMES FADDEN ET AL., APPELLEES, V. SUN INSURANCE OFFICE, LTD., APPELLANT: HOME SAVINGS & LOAN ASSOCIATION, APPELLEE.

FILED APRIL 14, 1933. No. 28490.

*Hall, Cline & Williams,* for appellant.

*Walter G. Badham, Edgar B. Zabriskie* and *Barton & Barton, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ.

PAINE, J.

This is an action to reform two policies of fire insurance, which were written in the name of the former owner of the property, for the reason that neither the mortgagee, taking out the insurance, nor the insurance company's agent, writing the policies, knew of a recent change in record ownership.

The plaintiffs, James Fadden and Emma Thompson, in their substituted and amended petition, allege in their first cause of action that the Home Savings & Loan Association, of Beatrice, Nebraska, hereafter called the Loan Association, was the holder of a first mortgage against the Lincoln Hotel property at Table Rock, Nebraska, of $5,000. M. F. Eickmann was the secretary and manager of the said Loan Association. He was also a member of the firm of insurance agents, which conducted its business in the name of Busboom-Larsen Agency, which was a partnership, the said M. F. Eickmann being one of the partners, and its office being in the room in the basement directly below the office of the said Loan Association.

An insurance policy, deposited with the mortgage papers, was about to expire, and the mortgagee, by the terms of the mortgage, was expressly authorized to procure insurance to protect said mortgage for the benefit of the mortgagor and its assigns. Therefore, the said M. F. Eickmann decided to purchase a policy, in its place, of the agency in which he was a partner, and having heard rumors that M. L. Henning was endeavoring to sell out her interest in this property, he called the office of the county clerk of Pawnee county by long distance from Beatrice, and inquired for the name of the record owner of the Lincoln Hotel property at Table Rock, and the answer was to the effect that M. L. Henning was still record owner. This occurred a week or more prior to November 29, 1930, the date he desired the policy to

take effect. He then went downstairs to the insurance office and directed Miss Dobbs, the office assistant, to issue a policy for $5,000, title in the name of M. L. Henning, doing business as Lincoln Hotel, Table Rock, Nebraska, with mortgage clause to said Loan Association, the same being issued on a policy in the Sun Insurance Office, Ltd., of London, England, by the said Busboom-Larsen Agency in Beatrice, Nebraska.

The premiums of $70 upon the $5,000 policy on the building and of $24.75 upon the policy of $1,500 on the contents were paid to the Busboom-Larsen Agency by M. F. Eickmann, and charged against the loan on the books of the said Loan Association, and have never been returned by the defendant insurance company.

A fire occurred in said Lincoln Hotel at 3:30 a. m., August 23, 1931, which was caused by defective wiring, and no suspicion attached in any way to the owners. After the fire it was discovered that, on November 20, 1930, a deed had been recorded, passing the title from M. L. Henning to Thompson and Fadden, who were the record owners on November 29, 1930, the date the policy took effect, which fact was unknown to said M. F. Eickmann.

The adjusters of the loss included these two policies in apportioning the loss between three insurance companies, the total loss of the building being $11,566.75, of which defendant company was apportioned $3,304.79 as its share, and the total loss on contents being $2,536.20, of which $585.28 was apportioned to the defendant company, making a total of $3,890.07 due. In the decree of the trial court in the case at bar, awarding reformation of the policies, an attorney fee of $225 was added, making total judgment entered March 31, 1932, of $4,115.07, with 7 per cent. interest.

The said Loan Association foreclosed the mortgage it held on the Lincoln Hotel property at Table Rock, and on February 20, 1931, received a decree in the amount of the balance due, of $4,591.66, which decree was sold and

assigned, and the said Loan Association has received all money due it, including the premiums on these two policies, charged up against the loan.

The motion for a new trial set out, as ground of reversal, errors of law occurring during the trial, and that the decree is not sustained by the evidence, and is contrary to the evidence, and, further, that the court erred in permitting the witness, M. F. Eickmann, to testify that it was his sole and only intention, in contracting for the insurance policies in question, to insure the true owners of the property, he having testified that, if he had known that Thompson and Fadden were the record owners, he would have had the policy written in their names. There is no question as to the amount of the loss, if the plaintiffs are entitled to recover. The sole question is whether the plaintiffs are entitled to have this policy reformed. There is practically no dispute about the facts. The defendant in its argument claims there is no mutual mistake whatever; that the only mistake is a one-sided mistake, due entirely to the carelessness or negligence of the plaintiffs in this case in failing to place their deed on record, and in failing to notify the said Loan Association, and requesting that they be treated as the owner of the property.

1. It is insisted by the plaintiffs that the evidence shows that Mr. Eickmann was, under the law, acting as agent for both parties, in a manner repugnant to the rights of neither, and that a dual agency is proper under these circumstances. Such cases often arise where the cashier of a bank is agent of an insurance company, and where, acting as such agent, he issues insurance upon certain property, often making a mortgage clause in favor of the bank, and it has been held that, even in such cases, he is acting as agent for the insurance company, and the rule that the same person may not act as agent for both the insurer and the insured does not apply unless the dual agency thus created requires the agent to assume incompatible duties, and it has been

often held that, when the facts. are undisputed, the question whether the agent had requisite authority to bind the principal is a question of law for the court. *Federal Ins. Co. v. Sydeman,* 82 N. H. 482; *Michelsen v. North American Nat. Ins. Co.,* 53 N. Dak. 391; Comp. St. 1929, secs. 44-307, 44-213; *Roth v. Employers Fire Ins. Co.,* 123 Neb. 300.

2. In a suit to reform a policy of insurance, the evidence of intention is competent and admissible to establish the fact of fraud or mistake, and in what it consisted, and to show how the writing should be corrected in order to conform to the agreement or the intention which the parties actually made or had. 23 R. C. L. 366, sec. 66; *Stout v. City Fire Ins. Co.,* 12 Ia. 371, 79 Am. Dec. 539; *Fremont Beverage Co. v. Maryland Ins. Co.,* 123 Neb. 192; *Cook v. Westchester Fire Ins. Co.,* 60 Neb. 127. In this last case Judge Sullivan said that a reasonable deduction, and one creditable to the company, is that it was acting in good faith and intended to give a consideration for the premium it received, and that its primary purpose was not to insure O. V. Palmer Company, but rather to indemnify the holder of the title, that is, the person having an insurable interest in the property.

*Connecticut Fire Ins. Co. v. McNeil,* 35 Fed. (2d) 675, holds that courts of equity cannot make a new or substantially different contract for the parties to a fire insurance policy, but a fire insurance policy which fails to properly express the manifest intention of both the insurer and the insured may be reformed so as to conform to their actual intent.

3. To warrant the reformation of an insurance policy, the evidence of mutual mistake must be clear, persuasive, and convincing. *Fischer v. Bockenstedt,* 245 N. W. (Ia.) 352; *Hartigan v. Norwich Union Indemnity Co.,* 246 N. W. (Minn.) 477. The want of conformity to the agreement of the parties must be occasioned by a mistake which is mutual and common to both parties to the in-

strument. *Fidelity Phenix Fire Ins. Co. v. Hilliard,* 65 Fla. 443; *Paine-Fishburn Granite Co. v. Reynoldson,* 115 Neb. 520.

It is the general rule that, if the mistake of the parties is in the identity of the property itself, reformation cannot be had, for there has been no meeting of the minds of the parties, but where there is no mistake as to the identity of the property, then reformation will ordinarily be allowed, and equity will grant this after a loss has occurred, as well as before, if it is presented in due season shorter than the period of limitations. It has been held that equity should withhold its aid in such cases where the mistake is not made out by the clearest evidence.

There is little doubt in this case that the purpose was to insure the identical property, to wit, the Lincoln Hotel, Table Rock, Nebraska, whoever might be the owner thereof. Under such circumstances it might well be that the policy should be reformed to conform it to the intention of the parties, for it did not, through accident or mutual mistake, express their true intention.

There being no error in the decree of the trial court, the same is hereby

AFFIRMED.