## ANNA PELLICANO AND ANOTHER v. HARTFORD FIRE INSURANCE COMPANY.[1]

December 5, 1941.

No. 32,876.

*George H. Spear* and *Myers & Snerly*, for appellant.
*Austin & Wangensteen*, for respondents.

LORING, JUSTICE.

This is a suit to reform a fire insurance policy alleged to have been erroneously written with Natale Pellicano as the insured instead of Anna Pellicano, his wife, who was the owner of the property covered by the policy, a residence in the village of Buhl,

[1]Reported in 1 N. W. (2d) 354.

St. Louis county, and to recover on the policy as reformed. The trial court ordered reformation in favor of Anna and directed recovery in the sum of $2,000. The case comes here on appeal from an order denying a new trial.

It appears that the Pellicanos resided in the house so insured until 1924, when they moved to New York City. At that time title to the property was in the husband. The fire insurance on the property was carried through an agency consisting of John I. Anderson and Thomas Flynn, officers and employes of the First National Bank of Buhl. After the Pellicanos moved to New York, the bank looked after the property, collected the rent, and carried an account in the husband's name from which taxes and insurance premiums were paid. In 1929, the husband concluded that the title of the house in Buhl should be transferred to his wife, and he caused a letter to be written to the bank asking that that be done. Title was transferred, but the insurance agents neglected to indorse the transfer on the policy. The bank account thereafter was kept in the name of Anna.

Anderson and Flynn were agents for a number of fire insurance companies. At the time of the transfer of the title to Anna the property was not insured with defendant, but a couple of years thereafter Anderson and Fynn wrote the insurance in the defendant company, continuing to write it in the name of Natale. The policy in suit is a second or third renewal of the original policy written with defendant. Anderson and Flynn explained the writing of the policy in Natale's name as due to the fact that they or their clerks neglected to enter the change of title on their card index and that as the policy expired they simply instructed their clerks to renew it. Anderson testified that at all times after the transfer of the property to Anna he had the transfer in mind and intended to write a valid policy of insurance for her each time the policy was renewed and that the fact that in his letters the husband sometimes referred to the house as "my property" did not deceive him or cause him to regard the husband as other than the agent of the wife. In November and December

1937 fires occurred which damaged the house. Notice was given to defendant and an appraisal and award made, after which it was discovered that title to the property was in Anna and that the policy read to Natale, whereupon defendant took the position that there was no liability under the policy. This suit followed.

■ Defendant takes the position that Natale had no insurable interest in the property and that the policy written in his name was void and thus could not be reformed. If the evidence justified reformation of the contract to a form in which it was legal and valid and to an insured having an insurable interest, then the validity of the contract should be tested by the agreement actually made and not by the one erroneously expressed.

■ Defendant contends that the evidence does not sustain a finding of mutual mistake in the writing of the policy. Insurance contracts which by mutual mistake have erroneously expressed the name of the insured have been reformed to show the real parties between whom the insurance contract was made. Sundin v. County F. Ins. Co. 144 Minn. 100, 174 N. W. 729. As said by this court speaking through Mr. Chief Justice Wilson: "The courts have been liberal in the reformation of insurance contracts to carry out the intention of the parties, which by reason of a mutual mistake has not been correctly reduced to writing in the policy," citing numerous cases. Consolidated Lbr. Co. v. Mercury Ins. Co. 189 Minn. 370, 374, 249 N. W. 578, 580. In the case at bar there was abundant evidence of mutual mistake. Any other finding would be difficult to sustain.

■ Defendant claims that Anna, by permitting her husband to carry on the correspondence with the agents and therein to refer to the property as his own and thereafter to attempt to collect the insurance, ratified what it terms his fraudulent conduct. We do not regard the evidence of what defendant calls ratification as at all compelling. Plaintiffs were illiterate foreigners, unfamiliar with our business methods and legal and marital rights. It would be a harsh rule that would on such a theory deprive Anna of the

benefits of the policy on which she had paid the premiums. The evidence falls short of compelling a finding of ratification by Anna.

■ Defendant also claims that the prior award should be the basis of recovery if it is liable at all. However, the parties to that award were Natale and defendant, not Anna and defendant, as would be required under the reformed contract. The defendant, by repudiating the policy as void and thus denying any liability under it, lost any right it may have had to require arbitration as between Anna and itself. Cash v. Concordia F. Ins. Co. 111 Minn. 162, 126 N. W. 524.

Order affirmed.