BRITISH AMERICA ASSUR. CO. et al. v. SHORES et al.

No. 34620.   Feb. 17, 1952.

Rehearing Denied April 15, 1952.

*243 P. 2d 343.*

Rittenhouse, Webster, Hanson & Rittenhouse and Everest, McKenzie, Gibbens & Crawford, Oklahoma City, for plaintiffs in error.

George, George & Springer, Ardmore, for defendants in error.

PER CURIAM. This is a suit brought by Olen L. Shores to reform a policy of fire insurance issued by defendant British America Assurance Company in the sum of $1,000 covering certain real property owned by plaintiff. In his petition plaintiff set up the fact that the policy sued upon was issued by defendant at the request of an employee of Local Federal Savings & Loan Association, who held a mortgage upon the property, and that through mistake and inadvertence the name of the former owner of the property was inserted in the policy as insured; that plaintiff had sustained a loss by fire on the property, and prayed that the policy be reformed to substitute plaintiff as the named insured in the policy and for judgment in the amount of $828.18, the loss claimed against said insurance company under the policy. A second count in the petition alleged that by reason of the carelessness and negligence of Local Federal Savings & Loan Association the wrong name had been inserted in the policy and prayed for judgment in the alternative against Local Federal in the amount claimed to be due under the policy, $828.18.

To this petition British America filed demurrer alleging misjoinder of causes of action in that an action against it had been combined with an action for damages against Local Federal. This was overruled; British America then filed answer containing a general denial and specifically denying that there had been a mutual mistake in the issuance of the policy, that the policy had been written exactly as ordered by Local Federal in the name of George L. Spurgeon, former owner of the property, with mortgage rider in favor of Local Federal, that it had never intended to insure plaintiff, that plaintiff was not a party to the policy and had no rights to sue thereon; it again urged that no joint liability existed between it and Local Federal and that there was a misjoinder of causes of action. Local Federal filed an answer setting up the transaction between it and plaintiff and between it and British America, denied any negligence on its part toward plaintiff or that it was indebted in any way to plaintiff. Plaintiff filed reply in the form of general denial and upon the issues thus made up the case came on for trial.

At the beginning of the trial plaintiff moved for permission to amend all his pleadings by joining his wife, Sally C. Shores, co-owner of the subject real property, as party plaintiff. Over the objections of both defendants this amendment was made and the case proceeded.

The facts in the case are not in dispute and are briefly these: Plaintiffs purchased the subject property from one George L. Spurgeon, who at the time had a policy with Massachusetts Fire & Marine Insurance Company upon the property which was soon to expire. At the time of the purchase plaintiffs notified one H. C. Seaman, who was the agent for Local Federal Savings & Loan Association, which had a mortgage on the property in the approximate amount of $500, and who was also the issuing agent for Massachusetts Fire & Marine Insurance Company, that they had bought the property subject to the mortgage which Local Federal held and asked him to notify Local Federal of that fact which he did; at the same time they asked him to write a policy of fire insurance upon

the property in the amount of $4,000 which he did, attaching a mortgage rider in favor of the Local Federal and mailing the policy and rider to it at its home office in Oklahoma City. Apparently this policy was either lost in the mails or was misplaced in the office of Local Federal, for the employee in charge of insurance renewals of Local Federal, noticing that the former policy was about to expire and that no other policy had been given her, followed her usual practice and called British America's agent, one Brewer, asking him to issue a policy on the property for $1,000 in the name of George L. Spurgeon, the former owner of the property and the assured in the expiring insurance policy, with a mortgage rider attached in favor of Local Federal; this was done; the premium was paid by Local Federal; was charged to plaintiff's account and the policy was delivered to and kept by Local Federal. Plaintiffs knew nothing of the issuance of this policy.

On December 28, 1948, while both policies were in full force and effect the insured property was damaged by fire in the amount of $4,140.90; Shores made claim against Massachusetts Fire & Marine Insurance Company; they sent him draft for the full amount of the policy, $4,000 made payable to him and Local Federal; Shores took the draft to Seaman, gave him his personal check for the balance due on the mortgage, including the $40.50 charge for the premium on the British America policy, and asked him to transmit both the check and the draft to Local Federal with the request that Local Federal endorse the $4,000 draft and return it to him; this was done; Local accepted the check for the balance of the mortgage and the insurance premium, endorsed the draft, and returned it to plaintiff together wih a release of the mortgage and the British America policy. This was the first time Shores knew of the existence of this policy. Upon learning of the existence of the British America policy, Massachusetts

Fire & Marine Insurance Company recalled its $4,000 draft and tendered a new draft in the amount of $3,312.72 representing 4/5ths of the loss sustained under the prorata provision in their policy. Shores then made claim against British America for the proportionate part of his loss covered by its policy or $828.18; British America denied liability on the grounds that Shores was not the named insured in the policy and therefore no contract of insurance with him existed and because more than 60 days elapsed before proof of loss was filed.

The court entered judgment reforming the insurance policy sued upon by substituting plaintiffs' names as the named insured and awarding plaintiffs judgment on the policy for $828.18; the cause was dismissed as to Local Federal without prejudice. Both British America and Local Federal appeal from this judgment.

British America's first proposition is that the evidence is insufficient to establish a mutual mistake in the issuance of the policy and hence there is no ground for the reformation thereof. It is clear from the testimony that the employee of Local Federal who ordered the policy from British America did not have the information as to the true owner of the property insured, although admittedly this information had been given to Local Federal, nor did she have the policy theretofore sent to Local Federal with Massachusetts Fire & Marine Insurance Company insuring the property. There was a mistake on her part as to the true owner of the property. She admitted it was her intention to insure the property in the name of the true owner and for the protection of Local Federal's mortgage interest in the property. The issuing agent for British America admitted that he intended to insure the property for the benefit of the owner and Local Federal, that he did not know either the former owner of the property or the plaintiffs, that he merely inserted

the name in the policy as given him by Local Federal's employee, that he collected the premium and the company retained it. There was therefore a mutual mistake of fact on the part of Local Federal's employee and British America's issuing agent: the ownership of the insured property. Both admit that had they known plaintiffs were the true owners the policy would have been issued in plaintiffs' names. Neither the issuing agent nor Local Federal's employee intended to do a useless thing. Local Federal's employee did not intend to have issued, nor did British America intend to issue, an invalid contract, one which would be of no benefit to the owners of the property. Where such a policy does not because of a mutual mistake of the parties contain the real contract entered into between them, it may be reformed to express the contract as it was intended to be made. Commercial Casualty Ins. Co. v. Connellee, 156 Okla. 170, 9 P. 2d 952. See, also, Commercial Casualty Ins. Co. v. Varner, 160 Okla. 141, 16 P. 2d 118; Security Insurance Co. of New Haven, Conn., v. Deal, 175 Okla. 450, 53 P. 2d 271; Pellicano v. Hartford Fire Ins. Co., 211 Minn. 314, 1 N. W. 2d 354; Cook v. Westchester Fire Ins. Co., 60 Neb. 127, 82 N. W. 315; Fadden v. Sun Ins. Office, Ltd., of London, 124 Neb. 712, 248 N. W. 62.

British America next contends that the court erred in permitting Sally C. Shores to be joined as a party plaintiff during the trial. The court had full authority to permit this amendment under 12 O. S. 1951 §317. The amendment did not change substantially the claim or defense of British America. Bristish America suffered no prejudice thereby.

British America's next contention is that plaintiffs' petition contained a misjoinder of causes of action, in that a cause of action for reformation of the policy against it was joined with an action for money damages against Local Federal. Defendants in error claim that under 12 O. S. 1951 §265, these causes of action may be joined inasmuch as they arose out of the same transaction connected with the subject of the action, that Local Federal had to be joined because of the mortgage rider on the policy, and that in any event British America has not been prejudiced by such joinder. With this last we must agree. If there was misjoinder of causes of action it was harmless error. British America's defense was in no way affected thereby; both British America and Local Federal asserted a common defense, and at completion of the trial the action was dismissed as to Local Federal.

British America's last contention is that the court erred in denying its motion to modify the journal entry of judgment to eliminate the finding by the court that there was a mutual mistake on the part of the agent of Local Federal and the agent of British America. Inasmuch as the record clearly shows there was such mutual mistake, the trial court properly overruled defendant's motion to modify the journal entry.

Local Federal's sole contention is that the court erred in dismissing the action without prejudice as to it in that it was entitled to have a final judgment upon the merits, and cite 12 O. S. 1951 §§681, 682 and 683. We must agree that this case was completely tried upon the merits both as to British America and Local Federal, and that Local Federal was entitled to a judgment upon the merits dismissing the cause as to it.

The judgment of the trial court is affirmed, with directions to modify the journal entry of judgment as to Local Federal Savings & Loan Association to show a dismissal as to it upon the merits.

This court acknowledged the services of Attorneys Ned Looney, Bruce McClelland, Jr., and Albert L. McRill, who, as Special Masters, aided in the preparation of this opinion. These at-

torneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and CORN, GIBSON, DAVISON, JOHNSON, O,NEAL, and BINGAMAN, JJ., concur.