STANDARD LIFE AND ACCIDENT INSURANCE COMPANY, a corporation, Plaintiff in Error,

v.

Thomas E. CORNELIUS, Defendant in Error.

No. 38162.

Supreme Court of Oklahoma.

May 12, 1959.

Rehearing Denied June 16, 1959.

Wayne B. Snow, of Savage, Gibson, Benefield & Shelton, Oklahoma City, for plaintiff in error.

J. E. Bullard, Tishomingo, Williams, Williams & Williams, Ardmore, for defendant in error.

HALLEY, Justice.

This action by Thomas E. Cornelius against the Standard Life and Accident Insurance Company, filed in the District Court of Johnston County, sought the reformation of an accident insurance policy issued by defendant and also judgment for the loss of one eye by plaintiff by accidental means and illness at home. Judgment was rendered for plaintiff reforming insurance policy and for damages for the loss of one eye and illness at home as provided by reformed policy, and defendant has appealed. The parties will be referred to as they appeared in the trial court, or by name.

Plaintiff alleged in his amended petition that on February 14, 1955, the defendant, acting by and through its duly authorized soliciting agent, Roy Settle, solicited plaintiff to purchase a policy of accident, hospital and indemnity insurance. That the agent, Roy Settle, stated to the plaintiff the provisions of the policy, including a daily payment of $10 in case plaintiff was sick or injured, regardless of whether plaintiff went to a hospital or was at home; that the policy would pay for accidental death, and among other things, for the loss of a

foot, a hand or an eye by accidental means, and for the loss of one eye the sum of $2,500; that plaintiff, relying upon the numerous representations of the defendant's agent, agreed to purchase such policy, and signed a written application therefor relying upon the agent's assurance that it would pay $10 per day for sickness whether at home or in the hospital, and $2,500 for the loss of a foot, hand or eye through accidental means.

Plaintiff further alleged that on February 24, 1955, the defendant issued a policy and mailed it to him, and he assumed that it contained the provisions as to $10 per day and $2,500 for the loss of an eye, but he did not carefully examine the policy, and would not have understood it if he had read it; that the policy attached to the petition as "Exhibit A" is contrary to his agreement with the agent, in that it did not provide for payment of $10 for sickness at home or $2,500 for the loss of one eye.

He further alleged that defendant was guilty of fraud in failing to deliver a policy in accord with their agreement, or, so failed through oversight, inadvertence or error.

That on August 7, 1955, he was driving his truck about three miles north of Ravia, Oklahoma, and a gravel, rock or some other object was hurled into the air by an approaching truck and struck his left eye and from such accident he lost the sight of his left eye, and under the terms of the policy agreed upon between the parties, he is entitled to $10 per day for the time he was confined to his home for 30 days, or $300; that he furnished defendant proper proof of his claim under the terms of the insurance policy, but that defendant has failed and refused to pay plaintiff any part thereof, and has denied liability.

Plaintiff further alleged that he is entitled to have the policy reformed to express the true intention and agreement of the parties, providing for payment of $10 per day for the days he was confined to his home as a result of the accidental injury mentioned and $2,500 for the loss of one eye.

Plaintiff alleged that he had no adequate remedy at law, but is entitled to have said policy reformed to express the real agreement of the parties, and prays for judgment of reformation and judgment thereon for $2,500 for the loss of an eye and $300 for the time he was confined to his home by reason of said injury.

Defendant answered by general denial and denied any contract between them except the policy issued; admitted that Roy Settle was its soliciting agent, but denied that he had any power to alter the terms of the written policy, and that if Roy Settle made certain representations as to what the policy would cover and the benefits therein, such was beyond the scope of the agent's authority. The answer of defendant denied that it was liable for the benefits claimed by plaintiff.

The defendant submits that there is no basis for reformation of the insurance policy involved because no contracting authority of the defendant agreed to any terms of insurance other than the policy issued. In other words the soliciting agent, Roy Settle, had no authority to agree with the insured to issue him a policy of insurance containing different provisions from those contained in the policy issued.

It is not disputed that Roy Settle was a soliciting agent of defendant with authority to take applications for insurance, but with no authority to issue and countersign policies.

The plaintiff offered evidence that Roy Settle told him that the policy of insurance would pay him $10 per day, whether he was "sick at home or in a hospital." The policy issued provided for the payment of sick benefits only while confined in a "recognized hospital." Plaintiff also testified that the agent informed him that he would sell him a policy providing numerous benefits in case of accidental death or the loss of his feet or both eyes, and that he would be paid $2,500 for the loss of a hand, foot or eye. The policy issued provided for no payment whatever for the loss of one eye.

We note that the application signed by plaintiff contains no express provisions as to the amounts payable for specific injuries,

The policy issued contains an express provision for hospital expense benefits, and attached to and made a part of the policy, a "rider", expressly states the amount payable in the event of the loss of life and certain members of the body, including amount payable for the loss of one hand or one foot, but no amount for the loss of the sight of one eye alone. No such provision or schedule is named in the application signed by the plaintiff.

That the plaintiff lost the sight of one eye by accident while the policy was in effect is unquestioned. The defendant refused to pay any sum for such loss or for the 30 days plaintiff was confined to his home as a result of his eye injury because such losses were not covered by the policy.

■ In our opinion the insurance company is not liable in this case for the reason that Roy Settle was only its soliciting agent and had no authority to bind the company as to what should go in the insurance policy.

The term "soliciting agents" was defined in Section 139, 36 O.S.1951. (Sec. 9, Ch. 174, S.L.1915), as follows:

"Soliciting Agents shall be persons who solicit insurance but do not have authority to countersign policies."

With the adoption of Oklahoma's new insurance code in 1957, 36 O.S.Supp. § 101 et seq., there has been a change made in the classifications of insurance agents.

In 44 C.J.S. Insurance § 152, soliciting agents are discussed and this statement is made:

"A soliciting agent is merely a special agent, and, as a general rule, he has authority only to solicit insurance, submit applications therefor to the company, and perform such acts as are incident to that power. He may bind the company by acts, agreements, and representations properly made in connection with the application for insurance, but ordinarily he has no authority to bind it by attempted acts or contracts in its behalf, relating not to the taking of the application, but to the subsequent contract of insurance, or to other matters not connected with the application and not within the real or apparent scope of his authority, such as the appointment of other agents."

This Court in Turner v. Supreme Lodge, K. P., 166 Okl. 286, 27 P.2d 612, 93 A.L.R. 647, used almost the identical language in the first paragraph of the syllabus in that case.

■ In Phipps v. Union Mutual Ins. Co., 50 Okl. 135, 150 P. 1083, we said:

"Ordinarily a mere 'soliciting agent' for an insurance company—that is, one whose power is confined to taking applications for insurance, which, when taken, are to be forwarded to the company for its approval or rejection—has no power to bind the company to a contract of insurance; nor has he, after the policy is issued, any authority to waive any of the terms or provisions therein."

We have never departed from this rule.

We did say in that case that a soliciting agent could bind his company with regard to matters within the limited and restricted scope of his authority in matters pertaining to the taking and preparation of the application for insurance for submission to the company. The record in this case before us fails to reveal in any way by the application or otherwise that the company was apprised that the agent had made any representations that the policy would cover one eye alone or pay ten dollars a day for illness at home. The insured got everything his application said he would. There was nothing to show that under the authority given the soliciting agent that he had anything to say or do with what went into the insurance policy. This case must be reversed.

The plaintiff relies on the case of Commercial Casualty Ins. Co. v. Varner, 160 Okl. 141, 16 P.2d 118, but the evidence in that case revealed that the agent was a policy writing agent which distinguishes it from the case at bar. The same is true for Phenix Ins. Co. of Brooklyn, N. Y. v. Ceaphus, 51 Okl. 89, 151 P. 568 and British

American Assur. Co. v. Shores, 206 Okl. 300, 243 P.2d 343.

Since we have decided this case because of lack of authority of the agent to bind the company it is unnecessary to discuss the question of estoppel.

Judgment is reversed with directions to enter judgment for the plaintiff in error.