**FARMERS EDUCATIONAL AND COOPERATIVE UNION OF AMERICA,**
Plaintiff in Error,

v.

**I. T. BELL, Defendant in Error.**

No. 39342.

Supreme Court of Oklahoma.

Nov. 28, 1961.

Thomas E. Bennett, Oklahoma City, for plaintiff in error.

Lon Kile, Hugo, for defendant in error.

JOHNSON, Justice.

This action was brought by plaintiff, I. T. Bell, against the defendant, Farmers Educational and Cooperative Union of America, to recover damages for loss by fire of household furnishings and personal property. The parties will be referred to as they appeared in the trial court.

The insurance policy was written by E. O. White, local soliciting agent of the insurance company, at Hugo, Oklahoma, and was issued on November 21, 1958, for a term of one year in the amount of $2,100.

The property, which was located in a dwelling known as the Herman house, was completely destroyed in a fire occurring December 6, 1958. Judgment was for the plaintiff in the total amount of $2,100, after a verdict of the jury. From an order overruling the motion for new trial, defendant appeals.

Plaintiff testified that the property was located in a dwelling known as the Herman house five or six miles distance from a house being built by plaintiff; that the agent White came by where he was working on his new house, filled out an application for insurance at the agent's automobile and called him to come out and sign it; that White informed him the policy included a clause insuring the property while in the Herman house. The insurance policy described the location of the property as that of the new house.

The single issue presented in two separate propositions is that any such agreement not being included in the written terms of the policy is not binding on defendant. The proposition is presented by the defendant generally and by a specific requested instruction No. 1, to the effect that the defendant is not bound by the agreement to insure in the former location in the absence of a provision in the policy.

Defendant cites in support of both propositions Standard Life and Accident Insurance Company v. Cornelius, Okl., 340 P.2d 478. An examination of that case reveals it is not in point. It involved the misrepresentation as to the amount to be paid for an eye and the amount of payments by the day for sickness and hospitalization.

Defendant quotes from Standard Life and Accident Insurance Company v. Cornelius, supra, which cites Phipps v. Union Mutual Ins. Co., 50 Okl. 135, 150 P. 1083.

In North American Accident Ins. Co. v. Canady, Adm'r, 196 Okl. 105, 163 P.2d 221, 223, this court sustained a judgment for plaintiff where the application for a policy was for a person by a name other than the name of the actual owner of the property. Therein it is stated:

"* * * In the case of Phipps v. Union Mut. Ins. Co., 50 Okl. 135, 150 P. 1083, we held:

"'Ordinarily a mere "soliciting agent" for an insurance company— that is, one whose power is confined to taking applications for insurance, which, when taken, are to be forwarded to the company for its approval or rejection—has no power to bind the company to a contract of insurance; nor has he, after the policy is issued,

any authority to waive any of the terms or provisions therein.

" 'Such soliciting agent, however, can bind his company, with regard to matters within the limited and restricted scope of his authority; that is to say, in matters pertaining to the taking and preparation of the applications for insurance, for submission to the company.' "

In Commonwealth Life Ins. Co. v. Hutson, Okl., 271 P.2d 722, it was held the insurer was liable where the soliciting agent agreed to cover a child not yet born. In North American Acc. Ins. Co. v. Canady, Adm'r, supra, we cited with approval Hospital Service Corporation v. Clifton, 29 Ala. App. 356, 196 So. 165, wherein a judgment against the insurer was sustained where the soliciting agent informed insured his wife was covered by the policy.

A case more directly in point is Globe & Rutgers Fire Ins. Co. v. Roysden, 208 Okl. 660, 258 P.2d 644, 645, wherein property was destroyed by fire in a cafe and residence to which it had been moved. The policy described only a motel at which place the property was located when the policy was written. In affirming the judgment for the plaintiff it is stated:

"A soliciting agent of insurer is insurer's agent in taking applications, with power and authority as to such applications, and acts performed or knowledge received and acted upon by him in connection with applications are binding on insurer, in absence of fraud or collusion between agent and applicant."

In the case under consideration we have the converse of the factual situation in Globe & Rutgers Fire Ins. Co. v. Roysden, supra. Plaintiff testified that the agent agreed to obtain a policy which would insure the property while located in the Herman house. The jury by its verdict found this to be true. Under the rule announced in the foregoing cases, the defendant is liable on the agreement made by its soliciting agent.

Judgment affirmed.